## Shireman Gardens Homeowners Assn., Inc. v. Oktavec

*Dennis J. Shatto,* for plaintiff.
*Harry B. Goldberg,* for defendant.

BAYLEY, J., June 18, 1984—Defendant, Sharon J. Oktavec, is the owner of a home located in the residential development of Shireman Gardens, in the Borough of Shiremanstown. The property was purchased subject to certain covenants, restrictions and easements which were recorded of record.

Plaintiff, Shireman Gardens Homeowners Association, Inc., which membership includes all owners

of homes in the development, oversees enforcement of the covenants of record which are applicable to all of the properties in the development.

Defendant previously had attached to a wall on the front of her residence a decorative wrought iron eagle. When time took its toll on the eagle, she replaced it with a wooden plaque measuring eleven by eighteen inches. Painted onto this plaque is a picture of a weather vane located on the top of a pinnacle. A rooster is pictured on top of the weather vane. Mrs. Oktavec purchased this item in Colonial Williamsburg and understands it to be a reproduction of an "Old English Tavern Sign."

The Homeowners Association seeks an injunction preventing defendant from displaying this item on her home because it claims it violates two sections of the covenants of record. The first is Article VI, Section 1, which provides:

"Architectural Control. Excepting any original construction by the Declarant, no building, fence, wall or other structure shall be commenced, erected or maintained upon the Lots in Shireman Gardens, nor shall any exterior addition to or change or alteration therein be made until the plans and specifications showing the nature, kind, shape, height, materials, and locations of the same shall have been submitted to and approved in writing as to harmony of external design and location in relation to surrounding structures and topography by the Board of Directors of the Association, or by an architectural committee composed of three (3) or more representatives appointed by the Board. Any proposed change by any Owner other than Declarant in the existing color or finish of any exterior surface of any building on a lot shall also be submitted to and approved by the Board as above provided."

Secondly it is claimed that the item is a "sign" and is not permitted under Article VI, Section (2)(1) which provides:

". . . no sign of any kind shall be displayed to the public view on any lot or improvement thereon except a one-family name sign of not more than 144 square inches or one temporary sign of not more than 2 square feet, advertising the property for sale or rent."

While definitions of various words and phrases are contained in a definition section in the declaration of covenants, the word sign is not specifically defined.

The Homeowners Association has been active in seeking compliance with the covenants in order to maintain the integrity of the development. The type of changes they review most often are structural changes and paint color changes. The record reflects that they have never questioned such decorative items as flower pots that are hung on an exterior wall, wreaths on doors, trellises against a wall and milk cans on a porch. Defendant maintains that the plaque is simply decorative ornamentation that is neither a sign as defined, nor a change contemplated under the Architectural Control section of the covenants. The President of the Homeowners Association admitted that this plaque did not contain a message but she testified that the association was concerned that someone viewing it at a distance might conclude it was a sign before they got close enough to tell if it is not. The Homeowners Association concluded that it was important to litigate this issue so that one "sign" might not lead to an outbreak of signs.

We have no trouble concluding that the item which is the subject matter of this case is a "decorative plaque" and not a "sign." Those courts which

have advanced definition of the word sign have concurred in a plain language explanation that signs are inscribed boards or plates serving for information, guidance or advertisement. See, e.g., State Board of Dental Examiners v. Bickham, 203 S.W. 2d 563 (Tex. Civ. App. 1947).

Random House Dictionary, College Edition, defines the word "sign" as "a name, direction, warning, or advertisement mounted on wood, metal, paper, or other material, and permanently posted." Webster's New Collegiate Dictionary defines it as a "mark, token, inquiry, or seal . . . by which a thought is expressed or a command or wish made known." It defines a decoration as an ornament and an ornament as an accessory.

Plaintiff maintains that the words of the covenant: "a sign of any kind" are broad enough to encompass this item. We disagree because we conclude that the covenants are not so broad as to provide control over a person's decoration of their home. This decorative plaque does not convey a message.* The fact that it is a picture that depicts an Old English Tavern sign does not mean that it is a sign today. In determining whether it violates a covenant we must determine what it is, not what people may think it is. It is like assessing character, which is what you are, rather than reputation, which is what people think you are. While a rose is a rose by any other name, a sign is not a sign unless it conveys a message. While a picture may convey the thought or expression of the artist who painted it, the medium of that message is different than that of

---

*That is not to say that a sign must have wording on it to convey a message. A piece of wood with a milk bottle painted on it and hung outside a dairy would convey a message to passers by.

a sign. We are convinced that no one passing Mrs. Oktavec's house will stop in for a beer on the assumption that it is an English Tavern.

The Homeowners Association need not fear that allowing this decoration on defendant's wall will enable other homeowners to place signs on their premises. That is because this decoration or accessory is not a sign. Nor does it fall within Article VI, Section 1. That section requires approval of the Board of Directors of the Association to put up a building, fence, wall or other structure or to add an exterior addition to or change or alter the premises in order to maintain harmony of exterior design. Decorations, which are accessories, do not constitute changes in exterior design and therefore do not require approval under this section.

Since the subject plaque does not violate any covenants of record, plaintiff's complaint must be dismissed.

## DECREE NISI

And now, this June 18, 1984, it is ordered, adjudged and decreed that plaintiff's complaint is dismissed.

The prothonotary is directed to enter this decree nisi and send a copy of this opinion and order to the parties' counsel by regular mail. If no objections are filed by any party to this order within ten days after the entry thereof, it shall be entered by the prothonotary as a final decree.