Beecher BAUCOM, Appellant,

v.

Hazel CREWS, Appellee.

No. 10–90–211–CV.

Court of Appeals of Texas,
Waco.

Nov. 6, 1991.

Rehearing Denied Dec. 4, 1991.

Stanley Rentz, Waco, for appellant.

Donald E. Raybold, Clark, Malone, Knapp & Raybold, P.C., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Beecher Baucom appeals the award of a lump-sum child-support payment of $12,-602.59. Baucom complains of the legal and factual sufficiency of the evidence to support various fact findings made by the trial court. He also contends that the court abused its discretion in applying the statutory child-support guidelines to determine the lump-sum award and that the award was excessive. Finally, Baucom complains that the court erred in awarding support retroactively based on funds received prior to the filing of the motion to modify and prior to the beginning of the calendar year. We affirm the modification order and the lump-sum award.

Beecher Baucom and Hazel Crews (formerly Hazel Baucom), parents of a twelve-year-old daughter, were divorced in July 1989. In July 1990, Crews filed a motion to modify, requesting an increase in child support and a lump-sum award. Baucom responded with a motion to modify, alleging a change in circumstances and requesting a reduction in child support. The court found that Baucom was $1,800 in arrears and ordered that current child-support payments be withheld from Baucom's earnings. The court also found a substantial and material change of circumstances with respect to Baucom's ability to provide support. Therefore, the court reduced the monthly support payment but ordered Baucom to make a lump-sum child-support payment to Crews.

Baucom filed a request for findings of fact and conclusions of law, and the court found that (1) since the time of the divorce,

Baucom voluntarily became under-employed by choosing to resign from his employment with the railroad; (2) upon his termination of employment with the railroad, he received net lump-sum payments of $63,012.97, which were not anticipated at the time of divorce; (3) he had the ability to make a $12,602.59 lump-sum child-support payment; (4) Baucom's circumstances had materially and substantially changed; and (5) the best interest of the child would be served by reducing Baucom's support obligation from $300 to $205 per month. Baucom requested additional findings of fact and conclusions of laws, most of which the trial court denied.

■ In points one, two, four, seven, eight, and nine, Baucom challenges the legal and factual sufficiency of the evidence to support various findings of fact made by the trial court. When a complete statement of facts appears in the appellate record, the trial court's fact findings are reviewable for legal and factual sufficiency of the evidence by the same standards which are applied in reviewing the sufficiency of the evidence supporting jury findings. *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Gill Savings Ass'n v. Chair King, Inc.,* 783 S.W.2d 674, 677 (Tex.App.—Houston [14th Dist.] 1989), *aff'd in part and modified in part,* 797 S.W.2d 31, 32 (Tex. 1990). In a no-evidence point, only the evidence and inferences that support the challenged finding will be considered, and all contrary evidence and inferences will be disregarded. *Gill Savings,* 783 S.W.2d at 677. In a factual-sufficiency point, all of the evidence will be considered and the finding will be set aside only if the evidence is so weak or the finding so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

■ Baucom complains in points one and two that there is no evidence, or factually insufficient evidence, of "good cause shown" to support the lump-sum child-support award. Section 14.05(a) of the Texas Family Code [1] provides:

> The court *may* order either or both parents to make periodic payments or, *for good cause shown,* order a lump-sum payment or purchase an annuity, or any combination of periodic payments, lump-sum payments, or annuity purchases for the support of the child....

TEX.FAM.CODE ANN. § 14.05(a) (Vernon Supp.1991) (emphasis added).

The "for good cause shown" provision of section 14.05(a) was added by amendment, effective November 1, 1989. Both parties agree that no cases are available interpreting the good-cause provision of section 14.-05(a), and we have found none. As there was no specific finding by the trial court concerning the "good cause" shown in support of the lump-sum award, and because no such finding was requested, we conclude that the trial court found good cause in favor of its judgment. *See Lettieri v. Lettieri,* 654 S.W.2d 554, 558 (Tex.App.—Fort Worth 1983, writ dism'd); *Tom Benson Chevway Rental & Leasing, Inc. v. Allen,* 571 S.W.2d 346, 348–49 (Tex.Civ. App.—El Paso 1978, writ ref'd n.r.e.), *cert. denied,* 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (1979); *Tidwell v. Lange,* 531 S.W.2d 384, 386 (Tex.Civ.App.—Waco 1975, no writ). However, an implied finding of "good cause" may be challenged by factual-sufficiency and legal-sufficiency points. *See Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989).

Crews testified that Baucom had previously refused to make child-support payments through the registry of the court. Baucom testified that his voluntary termination of employment with the railroad resulted in decreased personal earnings, but that he had received significant lump-sum payments from the railroad. He characterized the lump-sum payments as the benefit of a union bargain made with the railroads when the Union Pacific Railroad bought out the Missouri–Kansas–Texas Railroad. Baucom received three payments that he

---

**1.** Subsequent section references are to the Texas Family Code Annotated (Vernon 1986 & Supp. 1991).

described as a "staying allowance," a "moving allowance," and a severance payment. He acknowledged at trial that he had attempted to hide the funds from Crews and from the court. At the time of trial, Baucom had $39,000 in cash at his house. The evidence supports the implied finding that the lump-sum child-support award was made "for good cause shown." Because the railroad payments were received by Baucom in a lump sum, it was appropriate for the trial judge to award child support in a lump sum. Points of error one and two are overruled.

■ Baucom complains in point four that the finding of his ability to make a lump-sum payment was "against the great weight and preponderance of the evidence." We first observe that Baucom has mischaracterized the error asserted in point four. When the party without the burden of proof complains of an adverse fact finding, the party should phrase the point of error as "insufficient evidence" to support the finding. *Cockrell v. Citizens National Bank of Denton*, 802 S.W.2d 319, 324 (Tex. App.—Fort Worth 1990, no writ). Because the Supreme Court has adopted a liberal rule of reference to the construction of points of error contained in appellate briefs (*see Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); TEX.R.APP.P. 74(p)), we will consider the "against the great weight and preponderance of the evidence" point as an allegation that the finding is supported by "factually insufficient" evidence. *Cockrell*, 802 S.W.2d at 324.

■ However, Baucom has failed to support his fourth point of error with any argument, authorities, or references to the record. Rule 74(d) of the Texas Rules of Appellate Procedure requires references to the record directing the court's attention to the nature of the complaint. TEX.R.APP.P. 74(d). Reference to the record is extremely important in points of error alleging that the finding is factually insufficient to support the finding because this court must review all relevant evidence, both the evidence which supports the finding of fact, as well as evidence which is contrary to the finding of fact. *See Neily v. Aaron*, 724 S.W.2d 908, 913 (Tex.App.—Fort Worth 1987, no writ). A party asserting error on appeal bears the burden of showing that the record supports the contentions raised and of specifying the place in the record where matters complained of or relied upon are shown. *Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 607 (Tex.App.—Dallas 1990, no writ). Because Baucom has failed to meet this burden, the asserted error has been waived. *See J.B. Custom Design and Building v. Clawson*, 794 S.W.2d 38, 41 (Tex.App.—Houston [1st Dist.] 1990, no writ). Point of error four is overruled.

■ Baucom complains in point seven that there was factually insufficient evidence to support a finding of material and substantial change in his circumstances. Section 14.08(c)(2) provides that after a hearing, the court may modify an order that "provides for the support of a child if the circumstances of ... a person affected by the order ... have materially and substantially changed since the date of its rendition,...." TEX.FAM.CODE § 14.08(c)(2) (Vernon Supp.1991). Baucom himself pleaded that a material and substantial change in his circumstances had occurred sufficient to warrant a decrease in his monthly child-support obligations. His pleadings constitute a judicial admission that there has been a substantial and material change of his circumstances. *See Wagner v. Alvarado Independent School District*, 598 S.W.2d 51, 53 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.). Furthermore, Baucom's testimony regarding the reduction in his income and the lump-sum payments from the railroad constitutes sufficient evidence of a material and substantial change in his financial condition. Additional proof that the circumstances of the child or the managing conservator have also materially and substantially changed is not necessary. *See Holt v. Holt*, 620 S.W.2d 650, 652 (Tex.Civ.App.—Dallas, 1981, no writ). Point of error seven is overruled.

■ Baucom complains in points eight and nine that there was no evidence, or factually insufficient evidence, to support the lump-sum award. A point of error in which the assertion is made that the evi-

dence is factually or legally insufficient to support the judgment of the trial court does not present a justiciable question. *Benefit Trust Life Insurance Co. v. Baker,* 487 S.W.2d 406, 408 (Tex.Civ.App.—Waco 1972, no writ). It is essential that the complaint on appeal be with regard to specific findings of the trial court and not the award generally. *See Liberty Mutual Fire Insurance Co. v. McDonough,* 734 S.W.2d 66, 70 (Tex.App.—El Paso 1987, no writ). Points of error eight and nine are overruled.

Baucom argues in point three that the trial court erred in refusing to make a conclusion of law that the child-support payments should be made in periodic payments unless for good cause shown the child support can be ordered paid in a lump sum. As in point four, however, Baucom has failed to support his third point of error with any argument, authorities, or references to the record. *See* TEX.R.APP.P. 74(d). Points of error not separately briefed are waived. *La Sara Grain Co. v. First National Bank of Mercedes,* 673 S.W.2d 558, 568 (Tex.1984).

Furthermore, it is not reversible error to deny a requested finding where, as in the case before us, the record is sufficient to permit a determination of the questions presented on appeal. *See Longoria v. Greyhound Lines, Inc.,* 699 S.W.2d 298, 305 (Tex.App.—San Antonio 1985, no writ). Point of error three is overruled.

Baucom argues in points five and six that the trial court erred in refusing to make additional findings of fact. We have reviewed the trial court's findings of fact and Baucom's request for additional findings. Because many of Baucom's requested additional findings of fact are in conflict with the court's findings, we find no abuse of discretion in the court refusing to overrule its own findings. *See Eikenhorst v. Eikenhorst,* 746 S.W.2d 882, 887 (Tex. App.—Houston [1st Dist.] 1988, no writ). Specifically, Baucom requested the trial court to find that he did "not have the ability to contribute $12,602.59 in lump sum support," and that "the evidence was insufficient to support a finding of good cause

for the awarding of a lump sum child support." Because the court had already found that Baucom had the ability to make a lump-sum payment and ordered that a lump-sum child-support award of $12,602.59 be paid by Baucom, points of error five and six are overruled.

Baucom complains in points ten and eleven that the court abused its discretion in applying the statutory child-support guidelines to determine the lump-sum award and that the award was excessive. Section 14.05(a), which authorizes a lump-sum award, provides: "[i]n determining the amount of child support, the court shall consider the child support guidelines in effect in this state." TEX.FAM.CODE ANN. § 14.05(a) (Vernon Supp.1991). The guidelines in effect at the time of this modification order are found in sections 14.052 to 14.056. The relevant provisions of the statutory guidelines are recited below:

§ 14.052(a) The guidelines for the support of a child in this chapter are intended to guide the court in determining equitable amounts of child support in any suit affecting the parent-child relationship, including ... actions involving ... *modification ....*

§ 14.053(a) An order of child support shall be based on the "net resources" of the obligor and obligee, which shall be considered by the court, together with the other factors listed in the guidelines for the support of a child in this chapter. Whenever feasible, *gross income should first be computed on an annual basis* and then should be recalculated to determine average monthly gross income.

§ 14.053(b) "Net resources," for the purpose of determining child support liability are 100 percent of all wage and salary income and other compensation for personal services (including commissions, tips, and *bonuses*), ... and all other income actually being received, including but not limited to *severance pay....*

§ 14.054 In applying the guidelines for support of a child in this chapter, the court *shall* be guided by the guidelines for the support of a child in this chapter.

§ 14.056(b) In addition to the factors listed in these guidelines, a court may consider *other relevant factors.*

*Id.* at §§ 14.052–14.056 (emphasis added).

Because the statutory child-support guidelines apply to lump-sum awards and modification orders, we must determine if the trial court properly applied the guidelines. Section 14.055(b) provides that, in rendering an order of child support under circumstances in which the obligor's monthly net resources are $4,000 or less, "the court *shall presumptively apply*" the percentage guidelines that recommend an award for one child based upon twenty percent of the obligor's net resources. *Id.* at § 14.055(b) (emphasis added).

Baucom testified that his gross salary with the railroad for 1989 was approximately $25,000. He also testified that his gross salary when he left employment with the railroad in April 1990 was between $1,100 and $1,500 biweekly (his testimony also reflects a biweekly salary with the railroad of $1,000 to $1,600 from January to May of 1990). Baucom further testified that since June 1990 he has made $7.15 per hour working an average of forty hours per week as a dispatcher for American Medical Transport. According to Baucom, he received a $17,500 "staying allowance" and a $4,000 "moving allowance" from the railroad in 1989. He also received a $62,000 severance payment in 1990. The trial court found that Baucom was currently employed with actual monthly net resources of $1,025. The trial court filed as an additional finding of fact that Baucom netted $63,012.97 from the lump-sum payments received from the railroad.

Computing gross income on an annual basis, as required by section 14.053(a), the trial court could have found that Baucom's 1989 gross salary plus the $17,500 "staying allowance" and $4,000 "moving allowance" resulted in monthly *net* resources of less than $4,000. Therefore, the application of the statutory percentage to the first two elements of the lump-sum payment is "presumed to be in the best interest of the child." *See id.* at § 14.05(j).

However, the evidence suggests that Baucom's 1990 gross salary plus the $62,000 severance payment received in 1990 resulted in monthly net resources in excess of $4,000. Section 14.055(c) requires the court to presumptively apply the percentage guidelines to the first $4,000 of the obligor's net resources and, without further reference to the percentage guidelines, "the court may order additional amounts of child support as proven, depending on the needs of the child at the time of the order." *Id.* at § 14.055(c). Crews testified that the expenses of the child increased substantially since the time of the divorce. Furthermore, Baucom has not raised a point of error challenging the sufficiency of the evidence relating to the "needs of the child at the time of the order." The trial court could have found that the needs of the child warranted a child-support award in excess of the presumptive percentage guidelines.

■ Alternatively, the trial court could have set the amount of child support outside the range recommended in section 14.055 because other factors justified a variance from the guidelines. *See id.* at § 14.054. Section 14.054(1) allows the court to consider "the earning potential of the obligee if the actual income of the obligee is significantly less than what the obligee could earn because the obligee is intentionally unemployed or underemployed." *Id.* at § 14.054(1). The trial court found that Baucom voluntarily became underemployed by choosing to resign from the employment he had with the railroad. The court also found that Baucom had the ability to earn approximately $30,000 per year with net monthly resources of $1,900. Section 14.054(15) allows the court to consider "any other reason or reasons consistent with the best interest of the child, taking into consideration the circumstances of the parents." *Id.* at § 14.054(15). The court found that Baucom had failed to properly make child-support payments in the past, that he was $1,800 in arrears, that he retained actual physical possession of $39,000 in cash, and that the best interest of the child would be served by ordering him to pay $205 per month in periodic payments

and a lump-sum award of $12,602.59. Because the express findings of the trial court justify a variance from the guidelines, we find no abuse of discretion. Points of error ten and eleven are overruled.

■ Baucom complains in points twelve and thirteen that the court erred in awarding child support retroactively based on funds received before the motion to modify was filed and prior to the start of the calendar year. Baucom argues that the court can only modify retroactively child-support obligations that have accrued since the filing of the motion to modify. Section 14.08(c)(2) states that "a support order may be modified only as to obligations accruing after the earlier of the date of service of citation or an appearance on the motion to modify." *Id.* at 14.08(c)(2).

Neither the date of service nor the date of Baucom's appearance is reflected in the record. However, the order of modification was signed on October 15, 1990. The only child-support obligations accruing prior to that date were the periodic payments of $300 per month ordered by the 1989 divorce decree. The modification order reduced Baucom's periodic child-support obligation to $205 per month, with the first payment to be made by November 1, 1990. The trial court also ordered the lump-sum child-support payment to be made within twenty-four hours after the modification order was signed. The modification order did not affect the obligations accruing before the date of the motion to modify or the modification order. Therefore, no retroactive modification in violation of section 14.-08(c)(2) was ordered. In determining the amount of future obligations, the trial court rightfully considered the "net resources" acquired by Baucom since the date of divorce and prior to the motion to modify. Points of error twelve and thirteen are overruled.

The trial court acted reasonably in view of all the evidence, particularly in light of Baucom's decreased future income and the nature of the lump-sum payments received by Baucom upon his voluntary termination of employment with the railroad. The court's findings of fact, both express and implied, are supported by legally and factually sufficient evidence, and we find no abuse of discretion in the modification order or the lump-sum award. The order is, therefore, affirmed.