EX PARTE Timothy Lee STILES, Appellant.

No. 10–97–041–CV.

Court of Appeals of Texas, Waco.

Oct. 8, 1997.

John C. West, Jr., Chief of Legal Services, J. Frank Davis, Senior Hearing Examiner, Charles R. Maddox, Asst. Gen. Counsel, Texas Department of Public Safety, Austin, for appellant.

Mitchell Madden, Michelle P. Nicaud, Dallas, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Appellant's motion for rehearing is denied. Our opinion issued August 6, 1997, in this cause is withdrawn and the following opinion is substituted.

The appellant, Texas Department of Public Safety, appeals by writ of error the order of the 40th District Court of Ellis County granting an expunction of the arrest record of the appellee, Timothy Lee Stiles. The Texas Department of Public Safety (D.P.S.) contends that it has met the requirements to appeal by writ of error and brings five points of error.

## I. Factual and Procedural Background

Timothy Lee Stiles was indicted by an Ellis County grand jury on February 21, 1990, for sexual assault and indecency with a child. *See* TEX. PEN.CODE ANN. § 22.011 (Vernon 1994 & Supp.1997), § 21.11 (Vernon 1994). Subsequently the district attorney learned new information regarding the complainant's past sexual conduct. This information had not been presented to the grand jury, nor had information about the complainant's psychiatric history been presented because the district attorney believed it was irrelevant. The new information provided Stiles with a defense which the district attorney believed would lead to Stiles' acquittal on the charges filed. Therefore, the district attorney went back to the grand jury twice seeking an indictment on different charges stemming from the same incident. Both grand juries returned a "no-bill" refusing to indict Stiles. The district attorney, on June 19, filed a motion to dismiss the original indictment claiming that there was insufficient evidence to proceed.

Stiles filed a petition for expunction of his arrest record on March 10, 1996. *See* TEX. CRIM. PROC.CODE ANN. art. 55.01 (Vernon Supp.1997). The trial court set the expunction hearing for April 24, 1996. The court's order directed the clerk to give the required notice of the expunction hearing to the state and federal agencies listed in Stiles' petition. D.P.S. was among the named agencies receiving notice of Stiles' petition for expunction, but it did not appear to oppose the expunction. The Ellis County District Attorney[1] filed an answer requesting that Stiles' petition for expunction be denied.

At the hearing on April 24, Stiles presented evidence in support of his petition for expunction. D.P.S. was not represented by counsel at the hearing, but an assistant district attorney appeared at the hearing to oppose Stiles' petition. On April 26, 1996, the trial judge informed both parties by letter that the petition for expunction would be denied because Stiles presented no evidence he had not been convicted of a felony in the five years preceding the date of his arrest. *See* TEX.CRIM. PROC.CODE ANN. art. 55.01(a)(2)(C) (Vernon Supp.1997). Stiles then petitioned the trial court to reopen the record, or in the alternative to grant a new

---

1. The District Attorney also serves as the County Attorney for Ellis County.

trial. The trial judge granted Stiles' petition to reopen the record at a hearing on July 9. During this second hearing Stiles testified that he had never been convicted of a felony. The trial judge then granted the expunction of Stiles' arrest record. The last hearing in the trial court occurred on August 6 when the parties discussed the terms of the order of expunction, which was signed by the trial judge on that date. At the request of the Ellis County District Attorney, the trial court also made findings of fact and conclusions of law.

## II. Appeal by Writ of Error

D.P.S. and the Ellis County District Attorney have filed separate appeals challenging the order of expunction. D.P.S. contends that it has met the requirements to appeal by writ of error: (1) filing a writ of error within six months after the trial judge signed the final judgment, (2) being a party to the lawsuit, (3) having not participated in the actual trial of the case, and (4) demonstrating error apparent on the face of the record. *See Withem v. Underwood*, 922 S.W.2d 956, 957 (Tex.1996); *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex.1991); *see also* TEX.R.APP. P. 45. Stiles claims that appeal by writ of error is inappropriate because D.P.S. participated in the trial of the case and has demonstrated no error apparent on the face of the record.

Stiles argues that the State of Texas was represented at the trial by the Ellis County District Attorney. *See* TEX. CONST. art. V, § 21. Thus, Stiles claims D.P.S., as a state agency, was also represented by the district attorney and cannot appeal by writ of error because of this participation in the actual trial. *See Texas Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 319–20 (Tex.App.— Corpus Christi 1997, no writ) (holding that if the Department of Public Safety chooses not to appear it is represented by the district attorney who is acting on behalf of the State); *Texas Dep't of Pub. Safety v. Riley*, 773 S.W.2d 756, 759 (Tex.App.—San Antonio 1989, no writ) (Butts, J., concurring).

The San Antonio Court of Appeals addressed this precise question in the recent case of *Texas Department of Public Safety v. Deck*, 954 S.W.2d 108 (Tex.App.—San Antonio 1997, n.w.h.). In *Deck* the court held that the district attorney did not represent D.P.S. in expunction hearings because the hearing is a civil proceeding in which "each law enforcement agency is entitled to represent itself." *Id.*, at 111. We find the reasoning of the San Antonio Court of Appeals persuasive. The procedure established by the legislature for expunction hearings is unique because each law enforcement agency listed in the petition who has records which are subject to expunction may appear in court to oppose the expunction and may appeal the court's decision "in the same manner as in other civil cases." TEX.CRIM. PROC.CODE ANN. art. 55.02 §§ 2, 3(a) (Vernon Supp.1997). Thus, because each agency may make a separate appearance in court and may separately appeal the decision, one agency does not represent the others in court and does not participate in the trial on behalf of all agencies notified of the expunction. *Deck,* at 111; *see also Texas Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex.App.—Houston [1st Dist.] 1994, no writ) (holding that D.P.S. is not bound by the district attorney's agreement not to oppose expunction petition).

In support of its argument that it did not participate at trial, D.P.S. filed with this court a "Motion in Support of Jurisdiction." Attached to this motion are affidavits from two assistant district attorneys stating that they did not represent D.P.S. at trial and a certified copy of a letter from the Office of the Attorney General authorizing D.P.S. to represent itself in expunction actions. In determining this court's jurisdiction over D.P.S.' writ of error, we have properly considered the affidavits and certified public record which D.P.S. has filed. *See Stewart v. Texco Newspapers*, 734 S.W.2d 175, 177 (Tex. App.—Houston [1st Dist.] 1987, no writ); *see also In re Estate of Hillje*, 830 S.W.2d 689, 691 (Tex.App.—San Antonio 1992, no writ).

Stiles' reply point asserting that D.P.S. participated at trial is overruled because we hold that the Ellis County District Attorney did not represent D.P.S. at trial. As a matter of law the district attorney does not automatically represent D.P.S. at expunction proceedings and D.P.S. has shown by affida-

vit that there was no agreement for the Ellis County District Attorney to represent D.P.S. at trial.

### III. Points of Error

In five points of error D.P.S. asserts that error is apparent on the face of the record because: (1) D.P.S. did not receive proper notice of the July 9 or August 6 hearings; (2) Stiles' expunction petition was not properly verified; (3) Stiles failed to prove that Ellis County was the county of arrest; (4) no evidence supports the trial court's finding that Stiles is entitled to an expunction of his record; (5) insufficient evidence supports the trial court's finding that Stiles is entitled to an expunction of his record.

### A. Was D.P.S. entitled to thirty days notice of the second and third hearings on Stiles' petition for expunction?

■ In its first point of error, D.P.S. claims the trial court committed fundamental error when D.P.S. was not given thirty days notice of the July 9 or the August 6 hearings. The Code of Criminal Procedure requires that expunction hearings be held at least thirty days after the filing of the petition and that law enforcement agencies listed in the expunction petition receive reasonable notice of the hearing by certified mail. TEX.CRIM. PROC.CODE ANN. art. 55.02 § 2. If reasonable notice is not given to law enforcement agencies this violates the statute and is reversible error. *Rodriguez v. T.M.B.*, 812 S.W.2d 449, 450 (Tex.App.—San Antonio 1991, no writ); *Riley*, 773 S.W.2d at 758. However, in the instant case the record reflects that D.P.S. received reasonable notice of the expunction hearing held on April 24. Stiles' expunction petition was filed on March 10, and the expunction hearing was held more than thirty days later, on April 24. The transcript contains a signed order directing that the clerk of the court mail a copy of the expunction petition and order setting the expunction hearing on April 24 to the law enforcement agencies on the certified mail list. Absent contrary evidence, the law presumes the clerk of the court properly carried out this official duty and mailed notice to D.P.S. informing it of the date of the expunction

hearing. *See Sanchez v. Texas Indus.*, 485 S.W.2d 385, 387 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.).

■ D.P.S. claims that, although it did not appear in court at the April 24 expunction hearing, it was nevertheless entitled to receive reasonable notice of all subsequent hearings. D.P.S. argues that the failure of the record to reflect notice to D.P.S. of the hearing to reopen the evidence (July 9) or the hearing on the terms of the expunction order (August 6) is a fundamental error. We disagree with D.P.S.' interpretation of the notice requirements for an expunction proceeding. The Code of Criminal Procedure requires the trial court to send notice of the date of the expunction hearing. TEX.CRIM. PROC.CODE ANN. art. 55.02 § 2 (Vernon Supp. 1997). However, when a party fails to appear after receiving notice there is no continuing legal duty to inform that party of all subsequent hearings in the case. *See Long v. McDermott*, 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist] 1991, no writ) (after citation and petition are served on a defendant who does not answer, there is no duty to give notice of the default judgment hearing). The trial court clearly complied with the requirements of article 55.02 when it sent D.P.S. notice of the expunction hearing to be held on April 24. TEX.CRIM. PROC.CODE ANN. art. 55.02 § 2 (Vernon Supp.1997). When D.P.S. elected not to appear to oppose the expunction on that date it waived its right to receive notice of future hearings by this procedural default. *See Long*, 813 S.W.2d at 624. Point one is overruled because there is no error apparent on the face of the record due to lack of notice to D.P.S. of the second and third hearings on Stiles' expunction petition.

### B. Is a defect in the verification of the expunction petition an error apparent on the face of the record?

In its second point of error, D.P.S. maintains that error is apparent on the face of the record because the trial court granted an expunction of Stiles' arrest record when his expunction petition was improperly verified. While Article 55.02 § 1(b) of the Code of Criminal Procedure requires that expunction

petitions be verified, Stiles contends that D.P.S. cannot complain on appeal that his expunction petition was improperly verified because Rule of Civil Procedure 90 provides that all pleading defects not specially excepted to in writing are waived unless a default judgment has been rendered against the party.[2] *See* Tex.Code Crim. Proc. Ann. art 55.02 § 1(b). The question of whether or not a default judgment has been rendered against D.P.S. presents us with a problem unique to the law of expunction.

We begin our analysis by recognizing the rule articulated in *Ex Parte Elliot* that there can be no partial expunctions. 815 S.W.2d 251 (Tex.1991); *Texas Dept. of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex.App.— Houston [1st Dist.] 1994, no writ); *Ex Parte P.D.H.*, 823 S.W.2d 791, 793 (Tex.App.— Houston [14th Dist.] 1992, no writ). If an appellate court finds that an expunction is improperly granted, then the expunction must be reversed as to all parties. *Id.* In the instant case, the Ellis County District Attorney answered and appeared at the expunction hearing to oppose the expunction of Stiles' arrest record. The district attorney did not object to the verification of Stiles' petition and thus waived any error. After the expunction was ordered the district attorney appealed, and the trial court's order of expunction was affirmed in *Ex Parte Stiles*, 950 S.W.2d 444 (Tex.App.—Waco 1997, no writ). If we were to agree with D.P.S. that Stiles' expunction was improperly verified and error is apparent on the face of the record, then the trial court's expunction order would have to be reversed as to all parties, giving both D.P.S. and the district

attorney a chance to re-litigate the issue of expunction. However, we do not believe that the expunction statute requires this result.

A default judgment is not a judgment on the merits of the case. A default judgment may be rendered against a defendant if the defendant is properly served and fails to timely file an answer because "the non-answering party has 'admitted' the facts properly pled and the justice of the opponent's claim." *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979); *see Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 496 (Tex.1988); *Roberts v. Roberts*, 621 S.W.2d 835, 837 (Tex.App.—Waco 1981, no writ). The failure to answer "conclusively establishes the defendant's liability," but does not admit the amount of unliquidated damages owed. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex.1984); *see Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992); *Jackson v. Biotectronics, Inc.*, 937 S.W.2d 38, 41 (Tex.App.—Houston [14th Dist.] 1996, no writ).

■ But in an expunction case when at least one party answers and appears in opposition to the expunction, the trial court cannot grant a default judgment against the non-answering defendants. *See Texas Department of Public Safety v. Moran*, 949 S.W.2d 523, 524–25 (Tex.App.—San Antonio 1997, n.w.h.). The San Antonio Court of Appeals discussed this issue in *Moran:*

> [W]e hold that when one agency appears at an expunction hearing, the court cannot enter a default judgment against any of the other agencies. In an expunction

---

**2.** Rule 90 states:

> General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered.

Tex.R. Civ. P. 90.

This rule deems waived any error in a missing or defective verification in the plaintiff's petition which is not objected to by the defendant. *Billy*

*B., Inc. v. Bd. of Trustees*, 717 S.W.2d 156, 158 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Parker v. Parker*, 593 S.W.2d 857, 859 (Tex.Civ. App.—Houston [1st Dist.] 1980, no writ).

Similarly, a defective or missing verification in a petition for injunction is waived after a hearing is held. *Crystal Media, Inc. v. HCI Acquisition Corp.*, 773 S.W.2d 732, 734 (Tex.App.—San Antonio 1989, no writ); *Williams v. City of Tom Bean*, 688 S.W.2d 618, 621 (Tex.App.—Dallas 1985, no writ). However, one court has held that a defective verification in a Rule 306a motion need not be objected to because compliance with 306a is a "jurisdictional prerequisite to invoke the trial court's power to act." *In re Simpson*, 932 S.W.2d 674, 677 (Tex.App.—Amarillo 1996, no writ).

hearing, regardless of which agency appears or files an answer, the court must resolve a question common to all agencies—whether the petitioner has satisfied the statutory requirements. The default of one agency does not affect the inseparable, ultimate issue of whether the petitioner is entitled to an expunction. Permitting a default judgment against one agency when another has appeared might result in inconsistent judgments since the court could, on one hand, enter a default judgment granting the expunction and then, on the other hand, deny the expunction when the answering agency proves the petitioner is not entitled to an expunction. Because of the possibility of irreconcilable judgments, the court, in an expunction proceeding, cannot enter a default judgment when at least one agency has appeared.

*Id.* Consequently, D.P.S. did not admit Stiles' right to an expunction by its failure to answer and no default judgment was rendered against it.

■ Instead we conclude that D.P.S. is bound by the judgment of the trial court on the merits of the expunction question because D.P.S.' interest was represented at the expunction hearing by the district attorney under the doctrine of "virtual representation." This approach allows D.P.S. to appeal by writ of error substantive defects in the trial court's judgment such as the legal or factual sufficiency of the evidence showing whether the statutory requirements for an expunction have been met, but it forecloses a reversal for a procedural pleading defect which was unobjected to before the judgment on the merits of the expunction. If we were to find that the order of expunction entered after the hearing acted as a judgment on the merits only as to the district attorney, but was in essence a no-answer default judgment against the non-answering parties such as D.P.S., then D.P.S. would apparently be unable to appeal whether or not sufficient evidence was introduced at the hearing proving Stiles' entitlement to an expunction.

While the doctrine of virtual representation appears to be most often discussed in cases deciding whether to allow non-parties to appeal, either directly or by writ of error,

a judgment in which the non-party has an interest when the lawsuit failed to name them as a party, the doctrine of virtual representation may be used in other contexts as well. *See Mobil Exploration & Producing U.S. Inc. v. McDonald,* 810 S.W.2d 887, 889 (Tex.App.—Beaumont 1991, writ denied); *Jernigan v. Jernigan,* 677 S.W.2d 137, 140 (Tex.App.—Dallas 1984, no writ); *see also Robertson v. Blackwell Zinc Co.,* 390 S.W.2d 472 (Tex.1965). We recently applied the doctrine of virtual representation in *Libhart v. Copeland* to conclude that three members of a church, which was an unincorporated association, could bring a lawsuit on behalf of other church members who were not named in the suit because the three members were acting as virtual representatives of all the church's members. 949 S.W.2d at 792–94 (Tex.App.—Waco 1997, no writ). In *Libhart* we found that the parties present in the suit allowed the trial court to fairly resolve the question all the church members had in common—whether fraud occurred in the dissolution of the church. *Id.*

Similarly, the doctrine of virtual representation has been discussed in paternity cases to find that a child is not bound by a judgment in a prior paternity proceeding if the child's interest was *not identical* to the interest of the party bringing the suit. *Stroud v. Stroud,* 733 S.W.2d 619, 621 (Tex.App.—Dallas 1987, no writ) (child is not virtually represented by the State when the State brings a paternity action because the State's interest in establishing paternity is not identical to that of the child); *see R.M.H. v. Messick,* 828 S.W.2d 226, 229–30 (Tex.App.—Fort Worth 1992, no writ) (child was not virtually represented by her mother in a paternity suit brought by the mother in her own name, when no ad litem was appointed for the child, because the child's interests were not "fully represented"). Additionally, a recent Supreme Court case, *Purcell v. Bellinger,* which did not discuss the doctrine of virtual representation, found that a prior paternity suit bars a subsequent suit by a child if the "child's interests were adequately pursued in a previous paternity action." 940 S.W.2d 599, 602 (Tex.1997) (paternity suit by the child's mother, in her individual capacity alone, barred a second suit brought on behalf

of the child as a next friend). If the Supreme Court's holding in *Purcell* is considered in a virtual representation context, it would appear that when the State or a mother brings a paternity action, in which the child is not represented by a next friend or an ad litem, the party bringing the suit is nonetheless virtually representing the child if the child's interests are "adequately represented" and the child could appeal this judgment, although they were not a named party, because the judgment is binding on the question of paternity.

While we are unaware of a case in which the doctrine of virtual representation has been applied to an expunction proceeding, *Libhart* and the paternity cases demonstrate how this doctrine may apply to an expunction. The Supreme Court expressly stated in *Ex Parte Elliot:*

> Texas law governing expunction of criminal records creates a unique situation in which all persons and agencies party to an expunction share not only interwoven but *identical interests . . . .* These agencies, along with the public, share the common goals of uniform management of documentation and effective deterrence of recidivism, both of which are achieved by maintenance of arrest records.

815 S.W.2d 251, 252 (Tex.1991) (emphasis added). Thus, because the local district attorney shares an "identical interest[ ]" with D.P.S. in opposing the expunction, then although D.P.S. did not appear at the expunction hearing, D.P.S.'s interest was virtually represented by the district attorney at the hearing and it is bound by the trial court's order of expunction on the merits of this question. *See id.* Consequently, as D.P.S. is bound by the trial court's judgment on the merits and because no default judgment was ever rendered against D.P.S., any error in the defective verification of Stiles' expunction petition is waived. Rule 90 applies to deem any pleading defect waived when there has been no written objection pointing out the pleading error to the trial judge before the judgment is signed. TEX.R. CIV. P. 90. Point two is overruled.

**C. Did the trial court err in granting the expunction because Stiles failed to prove that the county of arrest was Ellis County?**

■ In its third point of error, D.P.S. contends that the trial court committed fundamental error when it granted the expunction without requiring Stiles to prove at an evidentiary hearing that the county of arrest was Ellis County. D.P.S. argues that this proof is necessary to invoke the jurisdiction of the district court.

The Code of Criminal Procedure in article 55.02 states that a petition for expunction may be filed in the district court of the county where the petitioner was arrested. TEX.CRIM. PROC.CODE ANN. art. 55.02 § 1(a) (Vernon Supp.1997). Furthermore, the petitioner is required to allege the county of arrest in his verified petition. TEX.CRIM. PROC.CODE ANN. art. 55.02 § 1(b)(5) (Vernon Supp.1997). These allegations in the petition are sufficient to invoke the jurisdiction of the district court. *See Herbert v. Greater Gulf Coast Enters.*, 915 S.W.2d 866, 870 (Tex. App.—Houston [1st Dist.] 1995, no writ) (in appeal of a default judgment the court held that allegations of long-arm jurisdiction contained in the petition were sufficient to confer jurisdiction on the district court). The Texas Supreme Court in *Peek v. Equipment Service Co.* stated that district courts should retain jurisdiction over a case unless the petition "affirmatively demonstrate[s] an absence of jurisdiction." 779 S.W.2d 802, 804 (Tex.1989) (discussing jurisdictional amount in controversy requirements).

Stiles' petition for expunction, which was filed with the 40th District Court of Ellis County, states that "Petitioner was arrested on or about February 22, 1990, by the Ellis County Sheriff's Department in Ellis County, Texas." These allegations are sufficient to invoke the jurisdiction of the trial court. D.P.S. has relied on *State v. Autumn Hills* to support its jurisdictional argument, but we find this decision inapplicable to the instant case. 705 S.W.2d 181 (Tex.App.—Houston [14th Dist.] 1985, no writ). In *Autumn Hills* it was undisputed that petitioners were arrested in Galveston County but filed suit to expunge their arrest records in Harris Coun-

ty. *Id.* at 182. Thus, the Harris County District Court's lack of jurisdiction over the expunction was apparent. *Id.* However, in the instant case there is no evidence in the record that Stiles was arrested outside of Ellis County, and Stiles' petition asserts that the arrest took place in Ellis County. Thus, D.P.S. is incorrect when it claims that Stiles was required to present evidence at the expunction hearing proving the county of arrest in order to invoke the court's jurisdiction. Appellant's third point is overruled.

### D. Is there legally sufficient evidence supporting the trial court's order of expunction?

In its fourth point of error, D.P.S. contends that there is "no evidence" that the indictment against Stiles was dismissed because the presentment of the indictment was due to mistake, false information, or other similar reason indicating an absence of probable cause at the time of the dismissal. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A) (Vernon Supp.1997). D.P.S. does not specify which of the trial judge's findings of fact it is challenging, but this point of error does indicate appellant's complaint that there is legally insufficient evidence showing the requirements of art. 55.01(a)(2)(A) were met, and we will address this point. *Id;* TEX.R.APP. P. 74(d), (p); *First State Bank v. Keilman,* 851 S.W.2d 914, 920 (Tex.App.—Austin 1993, writ denied). When reviewing a challenge to the legal sufficiency of the evidence the appellate court must consider only the evidence and inferences supporting the trial court's findings and disregard all evidence to the contrary. *Continental Coffee Products Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996); *Baucom v. Crews,* 819 S.W.2d 628, 630 (Tex. App.—Waco 1991, no writ).

When an individual has been wrongfully arrested, the Code of Criminal Procedure provides a remedy for that individual to peti-

tion the court for an expunction of his arrest record. *Thomas v. State,* 916 S.W.2d 540, 543 (Tex.App.—Waco 1995, no writ); *see* TEX.CRIM. PROC.CODE ANN. art. 55.02. In seeking an expunction, the burden is on the petitioner to prove compliance with each of the statutory requirements. *Thomas,* 916 S.W.2d at 543. At the expunction hearing Stiles was obligated to present evidence establishing all three of article 55.01(a)(2)'s requirements; however, D.P.S. has only disputed the trial judge's decision that subsection (2)(A) was proved, and thus we will not discuss the sufficiency of the evidence supporting the court's findings that subsections (2)(B) [3] and (2)(C) [4] were proved. TEX.CRIM. PROC.CODE ANN. art. 55.01(a)(2).

Subsection (2)(A) of Article 55.01(a) requires the petitioner prove the indictment was dismissed:

> because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void.

TEX.CRIM. PROC.CODE ANN. ART. 55.01(a)(2)(A). At the expunction hearing Stiles called Mary Lou Shipley to testify. Shipley had been the District Attorney for Ellis County when Stiles was indicted. She informed the court that after Stiles was indicted in February 1990, additional information regarding the complainant's sexual conduct was discovered which had not been presented to the grand jury. Also, Shipley could not recall if information regarding the complainant's psychiatric history had been presented to the grand jury because she did not believe it was relevant. During her testimony Shipley was asked:

> [Petitioner:] Isn't it true that [the] new information that you learned after the

---

**3.** Subsection (2)(B) requires the petitioner prove he "has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code." TEX.CRIM. PROC. CODE ANN. art. 55.01(a)(2)(B) (Vernon Supp. 1997).

**4.** Subsection (2)(C) obligates the petitioner to show "he has not been convicted of a felony in the five years preceding the date of the arrest." TEX.CRIM. PROC.CODE ANN. art. 55.01(a)(2)(C) (Vernon Supp.1997).

original indictment was of such a nature and character that you believed that it would result in the acquittal of the original indictment, or the original charges, against Mr. Stiles?

[Shipley:] Yes. Because of the defenses that it would allow.

. . . .

[Petitioner:] Ms. Shipley, at the time that you were forming this probable cause and presented the original information to that first grand jury, you didn't know of the subsequent information that you learned about the alleged victim's sexual conduct?

[Shipley:] No. Otherwise, I would have charged a different offense.

Shipley testified that after this additional information was discovered two subsequent grand juries refused to indict Stiles on other charges stemming from the same occurrence. The State then filed a motion to dismiss the original indictment for insufficient evidence.

In looking at the evidence supporting the trial court's findings, we hold that there is legally sufficient evidence showing that the indictment against Stiles was dismissed because the presentment of the indictment was due to mistake, false information, or other similar reason indicating an absence of probable cause at the time of the dismissal. Tex. Crim. Proc.Code Ann. art. 55.01(a)(2)(A). The fact that two subsequent grand juries refused to indict Stiles after hearing additional evidence which was not presented to the original grand jury is a persuasive showing that probable cause was absent after considering the exculpatory evidence. The Fourteenth Court of Appeals was faced with a similar occurrence in *Harris County Dist. Attorney's Office v. R.R.R.*, 928 S.W.2d 260, 264 (Tex.App.—Houston [14th Dist.] 1996, no writ). In that case the petitioner proved that when he testified before the first grand jury the panel refused to indict him, but at a later grand jury the prosecutor did not call the petitioner to testify and an indictment was returned. In affirming the expunction order, the appellate court stated that "[t]he initial grand jury's refusal to indict strongly suggests that probable cause was missing when the contradictory evidence was presented."

*Id.* We also believe that the second and third grand jury's refusal to indict Stiles suggests a lack of probable cause to believe he committed an offense when all the evidence was presented to them.

■ Furthermore, Shipley's statements at the hearing demonstrate that the original indictment was not supported by probable cause when the district attorney considered all the evidence. If the district attorney would not have indicted Stiles for the same offenses had she known there was additional information giving Stiles a defense which would result in his acquittal, then this statement supports Stiles' contention that there was not probable cause to support the indictment at the time it was dismissed. *See Harris County Dist. Attorney v. Small*, 920 S.W.2d 740, 743–45 (Tex.App.—Houston [1st Dist.] 1996, no writ) (finding no probable cause to support the indictment because the defendant had an entrapment defense). Consequently, we hold that legally sufficient evidence supports the trial court's conclusion that the indictment against Stiles was dismissed because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal. Appellant's fourth point is overruled.

**E. Is there factually sufficient evidence supporting the trial court's order of expunction?**

■ In its fifth point of error D.P.S. argues that there is factually insufficient evidence to support the trial court's finding that the indictment against Stiles was dismissed because the presentment of the indictment was due to mistake, false information, or other similar reason indicating an absence of probable cause at the time of the dismissal. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A). The standard of review employed to determine a claim of factual insufficiency is whether after considering all the evidence the trial court's finding is against the great weight and preponderance of the evidence such that it is clearly wrong and unjust. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996); *Baucom v. Crews*, 819 S.W.2d 628, 630 (Tex.App.—Waco 1991, no writ)

D.P.S. points out that Shipley testified during the expunction hearing she believed there was probable cause to believe a crime had been committed by Stiles when the case was presented to the original grand jury. Shipley also testified that there was no false information presented to the grand jury. Furthermore, D.P.S. maintains that the stated reason for the dismissal of the indictment was simply insufficient evidence, not a lack of probable cause to believe Stiles actually committed the offenses.

During the expunction hearing the trial judge acted as the finder-of-fact in weighing the credibility of the witnesses' testimony in conjunction with surrounding events to determine his findings of fact and conclusions of law. *See Harris County Dist. Attorney's Office v. Pennington,* 882 S.W.2d 529, 531 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Valencia v. Garza,* 765 S.W.2d 893, 895 (Tex.App.—San Antonio 1989, no writ). As we stated in *Thomas v. State,* when determining why an indictment was dismissed the trial court is "not limited to reliance solely on the explanation of the District Attorney." 916 S.W.2d 540, 545 (Tex.App.—Waco 1995, no writ). Despite the fact that Shipley testified to her belief that the indictment was supported by probable cause, we cannot conclude that the district court's contrary finding was clearly wrong and unjust. Shipley made several statements at the expunction hearing suggesting that probable cause did not exist after all the information known to the district attorney was considered. Furthermore, two grand juries refused to indict Stiles after hearing all the evidence.

D.P.S. is correct when it argues that a petitioner is not automatically entitled to an expunction when the State refuses to proceed due to insufficient evidence. *See Pennington,* 882 S.W.2d at 531. If an indictment is dismissed because a witness is ruled incompetent to testify or because evidence is suppressed by the trial court, there can remain probable cause to believe the petitioner actually committed the charged offense, only the prosecutor no longer has sufficient admissible evidence to present in court to prove his case. *See Metzger v. Houston Police Dept.,* 846 S.W.2d 383, 385 (Tex.App.—Houston

[14th Dist.] 1992, writ denied); *Ex Parte Kilberg,* 802 S.W.2d 17, 18–19 (Tex.App.—El Paso 1990, no writ); *State v. Sink,* 685 S.W.2d 403, 405–06 (Tex.App.—Dallas 1985, no writ). When faced with the State's assertion that the indictment was dismissed for insufficient evidence, the trial court, as the fact-finder, "may look beyond the reasons stated in the State's motion to dismiss to determine ... the State's true reason for dismissing." *Metzger,* 846 S.W.2d at 385. In the instant case the trial judge concluded that the reason the indictment was dismissed was because it was not supported by probable cause at the time of dismissal. After considering that the second and third grand juries refused to indict Stiles and Shipley's assertions that Stiles would have been acquitted at a trial on the charges filed, we cannot hold that the trial court's findings were clearly wrong and unjust. Appellant's fifth point is overruled.

The trial court's order of expunction is affirmed.