# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00274-CV[1]

**Archie Scaife, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT NO. 267,438-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Archie Scaife was charged with aggravated assault on a police officer and with unlawful possession of a firearm. *See* Tex. Penal Code §§ 22.02 (setting out offense of aggravated assault), 46.04(a) (prohibiting felon from possessing firearm before fifth anniversary of his release from confinement). Both charges originated from the same arrest. Subsequent to being charged, Scaife entered into a plea bargain with the State in which he agreed to plead guilty to the offense of unlawful possession of a firearm by a felon in exchange for the State recommending a sentence of four years' imprisonment and for the State agreeing to dismiss the aggravated-assault charge. The district court approved the plea bargain and imposed a sentence of four years' imprisonment. *See id.* §§ 46.04(e) (explaining that unlawful possession is third-degree felony), 12.34 (providing that

---

[1] When this appeal was originally filed, it was filed under cause number 03-14-00274-CR. Upon reviewing the record in this case, the case has been re-styled to reflect that this appeal pertains to a civil matter.

punishment range for third-degree felony is between two and ten years). After entering his plea, Scaife filed a petition seeking the expunction of his criminal record relating to his aggravated-assault charge. In response to the petition, the Texas Department of Public Safety (the "Department") filed a motion opposing the expunction request.

The district court convened a hearing regarding the request for an expunction. Although the Department opposed the expunction, it did not appear at the hearing, but the State appeared and also opposed the expunction. After reviewing the arguments by the parties, the district court denied the request. In its findings of fact and conclusions of law, the district court explained that Scaife's charges for aggravated assault and for unlawful possession of a firearm "arose out of the same arrest," that the assault charge was dismissed because Scaife pleaded guilty to unlawful possession of a firearm, that Scaife was not entitled to expunction because he "entered a plea of guilty and was convicted of an offense arising out of the same conduct and arrest as the cause he is requesting be expunged."

Subsequent to the district court making its ruling, Scaife appealed the district court's order. In his pro se brief, Scaife asserts in five issues that the district court erred by denying his expunction request and erred by allowing the "Bell County District Attorney's Office to represent the Department of Public Safety" during the expunction proceeding. We will affirm the district court's order.

2

**District Attorney Representing the Department**

In his second issue on appeal, Scaife contends that the district court erred by allowing the District Attorney's Office for Bell County to represent the Department because, according to Scaife, they are "separate entities that must represent themselves individually."

As a preliminary matter, we note that it is not entirely clear that Scaife is entitled to bring this challenge because any alleged harm stemming from the fact that the Department did not have its own representative during the hearing would seem to have impacted the Department and not Scaife. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154 (Tex. 2012) (explaining that to have standing to pursue claim, *claimant* must have suffered concrete injury); *see also Ex parte Stiles*, 958 S.W.2d 414, 417-18 (Tex. App.—Waco 1997, pet. denied) (addressing issues of whether Department may appeal expunction order and whether district attorney represented Department during expunction proceeding when issues were raised by Department on appeal); *Texas Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 320 (Tex. App.—Corpus Christi 1997, no writ) (explaining that because Department has records subject to expunction, it "has standing to contest expunction and to appeal . . . order granting expunction").

In any event, although Scaife correctly points out that the Department and other law enforcement agencies that possess records that would be affected by an expunction order are entitled to be represented by counsel during the hearing rather than rely on the district attorney, *see* Tex. Code Crim. Proc. art. 55.02, § 2(c), (c-1) (authorizing entity named in petition to "be represented by the attorney responsible for providing the entity with legal representation in other matters"); *Texas*

*Dep't of Pub. Safety v. Woods*, 68 S.W.3d 179, 183 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (providing that Department has "distinct statutory authority to ***appear and oppose*** expunction"); *Butler*, 941 S.W.2d at 319-21 (describing various roles that district attorneys and State agencies have in expunction proceedings), if the Department or another agency does not appear at the hearing, the district attorney does represent the agency's interests during the proceeding, *Butler*, 941 S.W.2d at 321; *see Texas Dep't of Pub. Safety v. Cryan*, No. 14-04-00507-CV, 2005 Tex. App. LEXIS 6419, at *7 (Tex. App.—Houston [14th Dist.] Aug. 11, 2005, no pet.) (mem. op.). During the expunction hearing, the assistant district attorney informed the district court that he would be representing his office as well as the Department because the Department asked him to appear on its behalf, and nothing in the record contradicts the district attorney's statement. *See Ex parte Stiles*, 958 S.W.2d at 417-18 (concluding that district attorney did not represent Department at expunction proceeding where Department "has shown by affidavit that there was no agreement for the Ellis County District Attorney to represent [the Department] at trial").

For all of these reasons, we overrule Scaife's second issue on appeal.

**Propriety of Expunction Order**

In his remaining issues, Scaife asserts that the district court erred by denying his request for an expunction of the records pertaining to his aggravated-assault charge that was dismissed.

On appeal, we review a trial court's ruling regarding a petition for expunction under an abuse-of-discretion standard. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to guiding rules and principles of law. *Cire v. Cummings*, 134 S.W.3d

4

835, 838-39 (Tex. 2004). Moreover, under that standard, questions of law are reviewed de novo because a trial court does not have discretion in determining the meaning of a law or in applying the law to the facts of the case. *See Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 678 (Tex. App.—Austin 2010, no pet.); *see also City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008) (explaining that statutory construction is question of law that appellate courts review de novo).

The right to an expunction is governed by article 55.01 of the Code of Criminal Procedure and provides, in relevant part, as follows:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files *relating to the arrest* expunged if:
>
> . . .
>
>> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:
>>
>>> (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information . . . charging the person with the commission of *any felony offense arising out of the same transaction for which the person was arrested*:
>>>
>>>> (i) has not been presented against the person at any time following the arrest.

Tex. Code Crim. Proc. art. 55.01(a) (emphases added).

When construing this language as well as other statutes governing expunctions, courts have determined that the expunction statute is "arrest-based," meaning that expunction is not

5

an available remedy for less than all of the charges stemming from one arrest. *Ex parte Hatzis*, No. 12-14-00199-CV, 2015 Tex. App. LEXIS 4438, at *5 (Tex. App.—Tyler Apr. 30, 2015, no pet. h.) (mem. op.); *S.J. v. State*, 438 S.W.3d 838, 844-45 (Tex. App.—Fort Worth 2014, no pet.); *see also Texas Dep't of Pub. Safety v. G.B.E.*, No. 03-13-00017-CV, 2014 Tex. App. LEXIS 3195, at *18 (Tex. App.—Austin Mar. 20, 2014, pet. denied) (en banc) (concluding "that a person is not entitled to have any arrest records arising from a multi-charge arrest expunged under article 55.01(a)(2) when (1) one or more charges result in a conviction (for that particular charge) and (2) any remaining charge is dismissed, but that dismissal results in a final conviction of any charge arising from the same arrest")[2]; *Travis Cnty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 927 (Tex. App.—Austin 2011, no pet.) (en banc) (explaining that former version of expunction statute permitted "the expunction of records pertaining to the arrest, not to individual charges arising from the arrest," and determining that trial court may not expunge arrest record if transaction for which person was arrested resulted in felony indictment that was not dismissed).

---

[2] In his fourth issue, Scaife contends that the district court erred by allowing the assistant district attorney to refer to *Texas Department of Public Safety v. G.B.E.*, No. 03-13-00017-CV, 2014 Tex. App. LEXIS 3195 (Tex. App.—Austin Mar. 20, 2014, pet. denied) (en banc), during the revocation proceeding because that opinion was issued in 2014 and, according to Scaife, could not apply to his expunction request. Stated differently, Scaife asserts that the law concerning his case became final when the charge for aggravated assault was dismissed in 2008. We cannot agree that any reliance on our prior case was erroneous. *See Life Partners, Inc. v. Arnold*, No. 14-0122, 2015 Tex. LEXIS 440, at *66 (Tex. May 8, 2015) (providing that in general "court decisions apply retroactively"). In any event, although the dismissal of his assault charges occurred in 2008, his request for an expunction was ongoing when the State referred to *G.B.E.* as a recent interpretation of the requirements for expunction under the Code of Criminal Procedure. *Cf. Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (describing when rule set out in judicial opinion should be applied and concluding that new rules are applicable to cases that are still on direct review).

As summarized above, as a result of a single arrest, Scaife was charged with aggravated assault and with unlawful possession of a firearm. Moreover, Scaife's aggravated-assault charge was dismissed under the terms of a plea bargain in which Scaife agreed to plead guilty to the remaining charge of unlawful possession of a firearm.[3] Furthermore, after entering his plea, Scaife was convicted of the offense of unlawful possession. Accordingly, Scaife could not meet the requirements for expunging the records pertaining to his unlawful-possession charge, and therefore, cannot meet the requirements for expunging the records pertaining to his aggravated-assault charge stemming from the same arrest.

For these reasons, we cannot conclude that the district court abused its discretion by denying Scaife's petition for expunction. Accordingly, we overrule Scaife's remaining issues on appeal.

## CONCLUSION

Having overruled Scaife's issues on appeal, we affirm the district court's order denying Scaife's petition for expunction.

---

[3] In his fifth issue, Scaife asserts that the district court erred by denying his expunction request when the "State did not produce" the plea agreement. As an initial matter, we note that Scaife had the burden of proving that he was entitled to expunction because all of the statutory requirements were met. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). Regardless, although the actual plea bargain may not have been produced as an exhibit during the revocation hearing, a document was introduced establishing the State's intention to dismiss the aggravated-assault charge because Scaife agreed to plead guilty in the companion case, and his judgment of conviction for unlawful possession of a firearm was also introduced and included an attachment establishing that a plea bargain had been entered into by the State and Scaife.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: June 3, 2015