## STATE BOARD OF DENTAL EXAMINERS v. BICKHAM.

### No. 13804.

Court of Civil Appeals of Texas. Dallas.
May 23, 1947.

Rehearing Denied June 27, 1947.

C. E. Kennemer, Jr., of Dallas, for appellant.

Biggs & Roberts, of Dallas, for appellee.

BOND, Chief Justice.

The Texas State Board of Dental Examiners, under delegated power and duty conferred upon it by Articles 752, Penal Code of Texas, Acts (1937) 45th Leg., p. 1346, Ch. 501, Vernon's Ann.P.C. Art. 752, and 4549, R.C.S., Vernon's Ann.Civ.St. art. 4549, on June 16, 1946, ordered the suspension of Dr. W. H. Bickham's license to practice dentistry in the State of Texas, for a period of six months for unprofessional conduct in advertising by means of "large display ads" in newspapers in the City of Dallas, which the Board interpreted to be "large display signs" expressly prohibited by sec. (o) of said Article. From which order the said Dr. Bickham duly perfected an appeal, as provided in said statutes, to a district court of Dallas County and thereafter gave a supersedeas apppeal bond in amount set by the district court, "conditioned to faithfully observe the law."

In consequence of such appeal, Dr. W. H. Bickham, on June 28, 1946, as plaintiff, challenged the action of the Dental Board, as defendant, in suspending his license, on the ground that the order of the Board was invalid, and asked that the cause be tried de novo and, on final hearing, said order be set aside and held for nought. On July 26, 1946, in response to plaintiff's petition, several members of the Dental Board, on relation of the Honorable Grover Sellers, then Attorney General of Texas, and C. C. Kennemer, Jr., special attorney for the Board, filed answer in said appealed cause, consisting of general denial, numerous special exceptions, and affirmatively asked that the appealed order of suspension be sustained. From the record here presented, the appealed cause is now pending in the court below without adjudication of the issues involved, or any action taken by the court on plaintiff's supersedeas bond.

On December 24, 1946, subsequent to the expiration date of the six-months' suspension order of the Board, the defendant, appellant here, by its specially employed counsel, C. C. Kennemer, Jr., and without the joinder of the Attorney General or any of the State's several District or County Attorneys, filed in said appealed cause an original petition in the name of the Board, seeking a temporary injunction and restraining order against the plaintiff Dr. Bickham, to enjoin and restrain him, his agents, servants, employees, aides and as-

sociates, lessees and sublessees, from unlawfully advertising in newspapers by means of "large display signs", including the publication of "display ads" larger than one inch high and one column wide, and containing only such information as specially provided in the concluding paragraph of Art. 752b of the Penal Code, Vernon's Ann.P.C. Art. 752b; and to perpetually enjoin the doctor from violating the penal dental laws, and, upon final hearing, the defendant have judgment suspending the doctor's dental license for another period of six months from date of such final decree. on the strength of the petition, the court made an order temporarily restraining the plaintiff from advertising in newspapers by means of ads of more than one inch in heights and one column in width, pending disposition of the injunction on its merits, set the hearing for temporary injunction for a day certain and directed notice be given for plaintiff to show cause why such temporary injunction should not forthwith issue. On hearing, the court entered judgment denying defendant's application for temporary injunction and dissolved the restraining order, from which judgment this appeal is prosecuted.

It will be observed that the instant suit for injunction is an independent cause of action, not incident or ancillary to the appealed cause; based entirely upon new and independent complaint for violation of the penal laws other than that alleged in the appealed cause, in that, defendant Dr. Bickham had refused to abide by the ruling or interpretation of the Dental Board of June 16, 1946, as relates to "large display signs"; and since said order the said defendant has "flagrantly violated Art. 752b, sec. (o) of the Penal Code." The record discloses that the order of the Board of June 16, 1946, suspending the dental license of Dr. Bickham for six months, expired on December 16, 1946. Hence when the application for this injunction was presented on December 24, 1946, the Board's suspension order had spent its force and was no longer in effect.

It will be observed that the statute from which this proceedings springs, Acts 1937, 45th Leg., codified 1946 Cumulative Annual Pocket Parts Vernon's Penal Code, Art. 752c, secs. 4 and 5, makes no provision for the Board to institute an original suit in the district court against one who has violated the law pertaining to the practice of dentistry; and the statute does not confer jurisdiction on the district court to enertain any suit brought in the name of the Board in advance of an order of the Board first determining the guilt of the accused. The Act expressly provides the power and duties of the Texas Board of Dental Examiners and sets up the machinery in reference to the revocation, cancellation and suspension of one's right to practice dentistry in this State. Section 4 provides (1) that there must be, in the opinion of the majority of the Board, a violation of some provision of the statute relating to the practice of dentistry, or any of the provisions of the Penal Code; (2) a majority of the Board shall determine and make an order to the effect that the accused is guilty of such violation; and (3) that notice shall be given to a condemned licensee to appear and show cause why said order should not be made final; and, if such alleged violation is not discontinued by such person or persons, the Board, not the Court, shall revoke or cancel the license or suspend the one guilty of such unlawful practice. Sec. 5 provides appropriate rules for appeal to the district court and trial de novo and subsequent appeal to the court of civil appeals. Art. 754, Penal Code, Vernon's Ann.P.C. Art. 754, provides punishment for one who shall be guilty of violating any such provisions. These provisions of the statute were not followed in this instance. Hence we are of the opinion that the district court was without jurisdiction to entertain the suit for temporary injunction on relation of the Dental Board; and that, too, without the joinder of the prosecuting officers of the State.

The application for the injunction having been made by the Board of Dental Examiners, nevertheless, it was, in effect, the act of the State itself with all the protection and immunities accruing to the Sate. The provisions of Art. 4550a, Vernon's Ann.Civ.St., confer the power on the Dental Board to employ necessary assistance to State prosecuting officers in the enforcement of the law pertaining to

unlawful practice of dentistry; but the Article provides further "that all such prosecutions shall be subject to the direction and control of the regularly and duly constituted prosecuting officers, and nothing in this Act shall be construed as depriving them of any authority vested in them by law." The State Constitution, Art. 5, sec. 21, Vernon's Ann.St., provides: "The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties * * *." This authority cannot be abridged or taken away. State v. Moore, 57 Tex. 307; Maud v. Terrell, 109 Tex. 97, 200 S.W. 375; Adamson v. Connally, Tex.Civ.App., 112 S.W.2d 287; American Liberty Pipe Line Co. v. Agey, Tex.Civ.App., 167 S.W.2d 580, affirmed 141 Tex. 379, 172 S.W.2d 972. Nor may the State be represented in the district or inferior courts by any person other than the county or district attorney, unless such officer joins therein. Allen v. Fisher, 118 Tex. 38, 9 S.W.2d 731; State ex rel. Downs v. Harney, Tex.Civ.App., 164 S.W.2d 55, writ reference.

For the reasons above stated, we are of the opinion that the judgment of the court below dissolving the temporary restraining order and denying the Board's application for temporary injunction was correct. But, if we are in error in this, then we think the issues on the merit in this appeal warrant the trial court's judgment.

The gravamen of appellant's complaint, reflected in its two points of error, is that the trial court erred in concluding that the newspaper ads employed by appellee to display his professional avocation, were not "large display signs" within the meaning of sec. (o), Art. 752b, Penal Code; and as defined and interpreted by the Board under authority extended it by Art. 4543, R.C.S., Vernon's Ann.Civ.St. Art. 4543.

Art. 752b, Penal Code, provides: "It shall be unlawful for any person, firm, or corporation to engage in or be guilty of any unprofessional conduct in the practice of dentistry, directly or indirectly. Any 'unprofessional conduct,' as used herein, means and includes any one or more of the following acts, to wit: * * * (o) advertising by means of large display signs, or glaring light signs, electric or neon, or such signs containing as a part thereof the representation of a tooth * * * or using specimens of such in display, directing the attention of the public to any such person or persons engaged in the practice of dentistry."

Art. 4543, R.C.S. Vernon's Ann.Civ.St. Art. 4543, provides: "The Board may prescribe rules and regulations, in harmony with the provisions of this title governing its own proceedings and the examinations of applicants * * *."

The evidence discloses that Dr. Bickham was a practicing dentist in the City of Dallas, holding license duly issued by the Dental Board of Examiners of this State. On October 20, 1946, and on subsequent Sundays through December 8, 1946, there appeared in the Dallas Morning News and Dallas Times Herald, newspapers in the City of Dallas, advertisements in size of approximately 4" x 4", displaying Dr. Bickham's picture with his name underneath, and printed matter in type varying in size, the largest being approximately 1½", reading: "How old are your plates And are they made out of the old-fashioned, hard-to-clean, unsightly gum materials? Get new, modern plates Which your dentist will construct with the new, light-absorbing, transparent teeth and lifelike gum materials and taken together, these materials when in the hands of a modern dentist, enable him to produce dentures that are both beautiful and hard to detect. Note-To present plate wearers: You may have your old teeth set in the new, beautiful gum materials. Out-of-Town Patients given special consideration. Crowns Bridges Extractions Fillings Dental X-Ray Office Hours: Weekdays Open 9 A.M. Dr. W. H. Bickham, Dentist. 1716½ Live Oak St. Phone R 2016."

The evidence discloses no direct testimony that Dr. Bickham caused the advertisements to be printed. However, we think the evidence, circumstantially, at least, justifies the conclusion that he or some one for him, and certainly in his behalf, caused the advertisements to appear in the papers; and if such display advertisements come under the condemnation of Art. 752b, sec. (o), evidently a temporary injunction, on

such showing, should have issued pending trial for permanency of such relief.

On the merits, the paramount issue to be determined in construing this Article is: What did the Legislature mean by "large display signs" and "using specimens of such in display;" and whether or not the "display ads" in evidence are prohibited by sec. (o) of the statute.

It will be observed that the statute involved is penal in its nature and is a part of the Penal Code of this State. The rule of construction for penal statutes is set out in Arts. 7 and 8 of the Penal Code. Art. 7 reads: "This Code and every other law upon the subject of crime which may be enacted shall be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws upon other subjects; and no person shall be punished for an offense which is not made penal by the plain import of the words of a law." Art. 8 reads: "Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning; and all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed." Since this statute is a criminal statute, under the statutory rules laid down for construction, the words "large display signs" of the Penal Code, must be given the "plain import" of the term and in the "sense in which they are understood in common language." The definition of the word "sign" found in Webster's New International Dictionary is defined as: "A lettered board, or other conspicuous notice, placed on or before a building, room, shop or office to advertise the business there transacted, or the name of the person or firm conducting it; a publicly displayed token or notice." An even better definition of the word "sign" is that in New Century Dictionary, which reads: "Now, usually, an inscribed board, plate, space, or the like serving for information, guidance, advertisement, etc., as on or before a building or a place of business, or along a street or road." Thus giving effect to the rules of construction and the definitions of the word "sign," we believe that the "usual sense" of the word, as used in "common language", and the "ordinary significance of the word," excludes the idea that "display ads" in newspapers is comprehended in the term "display signs."

We are of the opinion that section (o) has no application to newspaper ads. The statute under review, unlike many of the statutes of our sister States having to do with the regulation of the practice of dentistry, is complete, comprehensive and definitive in its treatment of unprofessional conduct. It seems clear, although abhorrent to the evident intent and purpose of the Act in preventing quackery and charlatanry to lure the credulous and ignorant members of the public to their offices for the purpose of fleecing them, that a dentist may advertise in newspapers, by large display "ads" which are prohibited by means of "large display signs." Courts cannot extend subdv. (o), which forbids advertising by means of "large display signs", to newspaper advertisements. The statute limiting "large display" to "signs", excludes "display ads." "Signs" are not "ads." It is unfortunate that the Texas Legislature limited such acts of advertising to "signs", instead of providing, as is the law of Missouri, Oregon, Wisconsin, and other States to include unlawful advertising by means of "large display", either by "signs" or "ads", without limitation as to where such advertisement shall be placed. Rust v. Missouri Dental Board, 348 Mo. 616, 155 S.W.2d 80; Semler v. Oregon State Board of Dental Examiners, 294 U. S. 608, 55 S.Ct. 570, 79 L.Ed. 1086; Modern System Dentists v. State Board of Dental Examiners of Wisconsin, 216 Wis. 190, 256 N.W. 922. The statute having limited the manner and place of advertising by "signs," without extending the extent and manner of such advertisement to include newspapers, the judgment of the court below must be held correct in refusing the injunction. The judgment is affirmed.