**The TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellants,**

v.

**Richard Dodd RILEY, Appellee.**

**No. 04–88–00275–CV.**

Court of Appeals of Texas, San Antonio.

June 28, 1989.

Eric M. Shepperd, Asst. Atty. Gen., Austin, for appellants.

Melvin Gray, Melvin Gray & Associates, San Angelo, for appellee.

Before BUTTS, CHAPA, and BIERY, JJ.

## OPINION

CHAPA, Justice.

Texas Department of Public Safety appeals by way of writ of error from an order granting expunction of appellee Richard Dodd Riley's arrest record. The question before us is whether the court erred in granting an order of expunction where the record indicates clear non-compliance with statutory requirements.

■ On September 28, 1987, Richard Dodd Riley applied for expunction of his arrest records pursuant to TEX.CODE CRIM.PROC.ANN. art. 55.01 *et seq.* On the same day, the trial court entered an Order of Expunction of appellee's records which read:

### ORDER OF EXPUNCTION

On this the 28th day of September, 1987, came on to be heard the above cause and after hearing argument and evidence, the Court is of the opinion and orders the expunction of all records in cause No. 4698 in Menard County Court.

It is further ordered that the Clerk of Menard County Texas shall in accordance with Art. 55.02 Tex.Ann.C.C.P. delete from its index and records, all references to the above styled and numbered cause.

It is further Ordered, Adjudged and Decreed that the Texas Department of Public Safety shall delete from its records and indexes any reference to the DWI allegation or any conviction therefrom against Richard Dodd Riley, DOB 1–29–65, drivers license number 10039136 in accordance with this order.

A hand-written notation by an unknown person below the judges' signature on the order setting the hearing date recites:

"County Attorney notified court agreed w/request."

\* \* \*

■ In order to attack a judgment by way of writ of error, an appellant must show four elements: (1) that it was brought within six months of the date of judgment; (2) that appellant is a party to the suit; (3) that he did not participate at trial; and (4) that error is apparent from the face of the record. *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390, 392 (Tex.1982). It is uncontested that the first two requirements have been met. The latter two elements, however, are the focus of some dispute. Appellant claims that because it was not notified or present at trial, it did not participate in the expunction proceeding.

TEX.CODE CRIM.PROC. § 55.02 provides the procedures which must be complied with in an expunction proceedings:

Art. 55.02 Procedure for Expunction

Sec. 1. (a) A person who is entitled to expunction of records and files under the chapter may file an ex parte petition for expunction in a district court for the county in which he was arrested.

(b) The petitioner shall include in the petition a list of all law enforcement agencies, jails or other detention facilities, magistrates, courts, prosecuting attorneys, correctional facilities, central state depositories of criminal records, and other officials or agencies or other entities of this state or of any political subdivision of this state and of all central federal depositories of criminal records that the petitioner has reason to believe have records or files that are subject to expunction.

Sec. 2. The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give reasonable notice of the hearing to each official or agency or other entity named in the petition by certified mail, return receipt requested, and such entity may be represented by the attorney responsible for providing such agency with legal representation in other matters.

This record, which undoubtedly reflects the fastest expungement ever recorded, also reflects complete noncompliance with this statute. Appellee argues "that the interest of the Texas Department of Public Safety was fairly represented and protected by the presence of the County Attorney of Menard County, who is required by the Constitution of the State of Texas, Article 5, Section 21, to represent the state in all cases in the district and inferior courts in their respective counties." In support of this argument, appellant relies on *State Board of Dental Examiners v. Bickham*, 203 S.W.2d 563 (Tex.Civ.App.—Dallas 1947, no writ), which holds:

"The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties ..." This authority cannot be abridged or taken away. [citation omitted] Nor may the State be represented in the district or inferior courts by any person other than the county or district attorney, unless such officer joins therein."

For the reasons below, we do not consider the issue of whether a county attorney may represent the state to be the controlling question.

■■■ Jurisdiction in a writ of error appeal must affirmatively appear on the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). In a writ of error appeal, appellant is limited to showing the invalidity of the judgment by the papers on file in the case. *Id; Grayson Fire Extinguisher Co., Inc. v. Jackson*, 566 S.W.2d 321 (Tex.App.—Dallas 1978, writ ref'd n.r.e.); *Wilson v. Industrial Leasing Corp.*, 689 S.W.2d 496 (Tex.App.—Houston [1st Dist.] 1985, no writ).

Although the petition for expunction here lists the proper agencies who should have been notified in accordance with § 55.02, there is no indication in this record of any notification to any of the agencies listed. The statute was violated further when the trial judge set the case immediately in face of a record that does not show any waiver of the 30 day waiting period required by the statute. In fact, it is not evident from this record that any representative of any of the agencies listed, including the county attorney, was present during the ex parte hearing.

We must conclude that the face of this record reflects a proceeding in direct violation of the statute. The expunction order is therefore set aside.

BUTTS, Justice, concurring.

I concur.

Had the county attorney of Menard County participated in the hearing and the order so reflected, the appellant Texas Department of Public Safety would have also participated through its representation by the county attorney. Thus the Department of Public Safety would have been precluded from bringing this appeal by way of writ of error. TEX.R.APP.P. 45(b).

The handwritten note appears to have been written by the trial judge (county attorney notified court [he] agreed with request). The initialed signature following the note appears to be that of the trial judge. The record clearly reflects that although the county attorney did not oppose the request, he did not participate in the proceeding. Therefore, I concur in the order setting aside the order of expunction. This court's disposition of the order does not serve as a bar to a future expunction petition.