Fred G. RODRIGUEZ, Bexar
County Criminal District
Attorney, Appellant,

v.

T.M.B., Appellee.

No. 04–91–00014–CV.

Court of Appeals of Texas,
San Antonio.

July 17, 1991.

Christian Joe Gros, Asst. Criminal Dist. Atty., Civil Section, San Antonio, for appellant.

Paul J. Goeke, San Antonio, for appellee.

Before REEVES, C.J., and BIERY and CARR, JJ.

## OPINION

BIERY, Justice.

On March 18, 1988, T.M.B. filed a petition for expunction of his criminal arrest record relating to the offense of aggravated sexual assault of a child.[1] On March 24, 1988, the trial court granted T.M.B.'s petition for expunction; on the same date, the trial court ordered the court records regarding the expungement sealed "to protect the rights of the Petitioner." Thereafter, on February 16, 1989, in connection with a bill of review seeking to set aside the expunction order on the ground it was "obtained through fraud and in violation of the Rules of Civil Procedure" and challenging the trial court's jurisdiction to enter the order, the Bexar County Criminal District Attorney's Office filed a motion to unseal the court records, which was granted. This appeal follows the trial court's order denying the motion to set aside the expunction order on November 7, 1990.

In a single point of error, appellant, the Bexar County Criminal District Attorney, contends the trial court erred in denying his motion to set aside the void expunction order, because as a matter of law the trial court lacked jurisdiction to enter the original order of expunction. We agree and, accordingly, we reverse and remand the cause.[2]

The procedure for expunction of criminal records is set forth in article 55.02, Tex.

---

1. T.M.B. was arrested on or about June 17, 1982 and charged with aggravated sexual assault of a child in Cause No. 82–CR–2752. The charge was dismissed after indictment on September 23, 1982.

2. In reversing and remanding this cause for further proceedings, we express no opinion on

the merit of T.M.B.'s petition for expunction of his criminal record. This court's disposition on procedural and jurisdictional grounds of the void expunction order entered on March 24, 1988, does not serve as a bar to any future attempt by T.M.B. to seek the expunction in accordance with Tex.Code Crim.Proc.Ann. art. 55.02 (Vernon Supp.1991).

CODE CRIM.PROC.ANN. (Vernon Supp.1991). In support of his position, appellant urges the trial court "granted the petition for expunction despite the fact that no [law enforcement] agency named [in the petition] had been notified and without the mandatory thirty (30) days having expired prior to entry of an Order." The reference to the thirty-day mandatory period is to article 55.02, section 2, which provides:

> The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give reasonable notice of the hearing to each official or agency or other entity named in the petition by certified mail, return receipt requested, and such entity may be represented by the attorney responsible for providing such agency with legal representation in other matters.

TEX.CODE CRIM.PROC.ANN. art. 55.02, § 2 (Vernon Supp.1991).

We agree with appellant that an interval of five days from the date of filing of the petition until the date the order of expunction was signed was not "reasonable notice of the hearing" as a matter of law. In fact, there is nothing in the record before this court to indicate that T.M.B. gave *any* notice of the hearing to any "official or agency or other entity named in the petition." Certainly, a five-day lapse of time between the filing of the petition and the date of hearing is absolutely unreasonable, where from the face of the petition it is shown that seven of the officials, agencies or entities are in Washington, D.C.; another is also in the District of Columbia; one is in Baltimore, Maryland; and two are in cities in Texas outside of San Antonio. Under Rule 99 of the Rules of Civil Procedure, each of these officials, agencies, or entities would be entitled at the earliest to file an answer on the Monday following expiration of twenty days after service of the citation.

We are not persuaded by appellee's contention that because the Order of Expunction reflects that "Respondents appeared by and through their attorney" appellant is precluded from bringing this proceeding. First, there is no fiat anywhere in the ap-pellate record demonstrating that the trial court complied with the mandatory requirement under the provision of article 55.02 that at least thirty days' notice of the hearing be given to officials, agencies, or entities named in the expunction petition. Appellant's assertion that none of the officials, agencies, or entities was served is further bolstered by the fact that not one of the multiple potential respondents listed in the Order of Expunction is shown to have approved the order, despite having allegedly appeared at the hearing that date. The most probative evidence contravening the appellee's position, however, is that his Motion to Seal Records, also filed on March 24, 1988 without proper notice to any of the potential respondents, would have been required to be served on every official, agency, or entity which had up to that time made an appearance; however, no certificate of service appears on the document, indicating either (1) that no respondents had yet answered or appeared as of that date, or (2) that petitioner did not afford the respondents the procedural due process to which they were minimally entitled under the Rules of Civil Procedure. The Order Sealing Records, which was coincidentally also signed on March 24, 1988, is silent on the appearance of any of the potential respondents at the hearing on the motion to seal. On its face the motion and order entered thereon violate the minimum mandatory notice requirements of article 55.02, section 2 and no waiver of notice is affirmatively demonstrated anywhere in the appellate record.

In an analogous case, which was construed in the context of section 55.02, TEX. CODE CRIM.PROC.ANN. (Vernon Supp.1991), this court previously has found that the statute was violated when the trial court set an expunction case for hearing immediately in the face of a record that demonstrated no waiver of the mandatory thirty-day waiting period required by the statute. *See Texas Department of Public Safety v. Riley,* 773 S.W.2d 756 (Tex.App.—San Antonio 1989, no writ). It appears that here, as in *Riley,* the attorney for the petitioner for expunction participated in an ex parte

proceeding where none of the respondents was on notice of the proceeding.[3]

Having found error below, we reverse the trial court and order that the Order of Expunction (and the Order Sealing Records [4], which erroneously ensued from it) be set aside.

**3.** In *Riley*, this court noted that "it is not evident from [the appellate] record that any representative of any of the [law enforcement or governmental] agencies listed, including the county attorney, was present during the ex parte hearing." 773 S.W.2d at 758. *Riley* is distinguishable from the instant case where the order of expunction explicitly, but erroneously, recited that "the Respondents appeared by and through their attorney."

**4.** An "Order Unsealing Court Records" had previously been entered by the trial court on February 23, 1989. The District Attorney sought to obtain the previously-sealed records for purposes of attaching to a bill of review. To the extent that the order unsealing the records was permitted "for the limited purpose of making whatever copies, certified copies or inspection" was necessary in connection with the bill of review, the effect of our ruling today is to remove that limitation and make the subject records accessible to the extent they would have been prior to entry of the wrongfully-obtained "Order Sealing Records."