State Bd. of Educ. Cert. v. Gonzalez







 









NUMBER 13-02-00463-CV




COURT OF APPEALS




THIRTEENTH DISTRICT OF TEXAS




CORPUS CHRISTI - EDINBURG


 

STATE BOARD FOR EDUCATOR CERTIFICATION, Appellant,



v.




RUDY CISNEROS GONZALEZ, Appellee.

 

On appeal from the 370th District Court of Hidalgo County, Texas.


 

O P I N I O N




Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


Opinion by Justice Hinojosa




 Appellant, the State Board for Educator Certification ("Board"), appeals from the trial court's order
requiring it to expunge all records and files of appellee, Rudy Cisneros Gonzalez, concerning his arrests of
February 16, 2001 and December 5, 2001. In two issues the Board contends the trial court erred in
ordering the expunction because: (1) the Board was not timely served with reasonable notice of the
expunction hearing as required by article 55.02, section 2(c) of the code of criminal procedure; (1) and (2)
the face of the record shows that the hearing was held less than thirty days from the date the petition
was filed, in violation of article 55.02, section (2)(c). We reverse the trial court's judgment and set aside
the expunction order.

A. Background and Procedural History


 On February 16, 2001 and December 5, 2001, appellee was arrested for the sexual assault of a child. 
On November 13, 2001, appellee filed a petition to expunge his arrest records in the following
governmental entities: (1) Criminal District Attorney of Hidalgo County; (2) Hidalgo County Sheriff's
Department; (3) City of Mission Police Department; (4) Texas Department of Public Safety; (5) City of
Mission Municipal Court; and (6) United States Federal Bureau of Investigation. The district clerk sent
notices to these six entities advising them of the filing of appellee's petition and notifying them that a
hearing had been set for December 20, 2001.

 Since the Board was not a party to the suit, it was not notified of the petition or the hearing. (2) On
December 17, 2001, appellee personally sent a letter to the trial court requesting that the Board be
notified of the December 20, 2001 expunction hearing. The district clerk subsequently sent a notice to
the Board, dated December 19, 2001, informing it of the December 20, 2001 expunction hearing. The
Board received the notice on December 27, 2001. No expunction hearing was held on December 20,
2001, because the case was passed at appellant's request. 

 On January 30, 2002, appellee filed an amended petition for expunction. That same day, an order was
entered setting the amended petition for hearing on February 7, 2002. On February 5, 2002, the district
clerk sent out notices to the following six parties, advising them of the February 7, 2002 hearing date: 
(1) Mission Police Department; (2) Hidalgo County Sheriff; (3) Department of Public Safety; (4) Mission
Municipal Court; (5) Hidalgo County District Attorney; and (6) the Board. The Board received this notice
on February 11, 2002, four days after the expunction hearing was held.

 At the February 7, 2002 hearing, appellee appeared pro se and asked that his arrest records be
expunged. The trial court granted appellee's request and signed an order of expunction on February 7,
2002. On February 11, 2002, the district clerk sent the Board a notice that the court had signed an
expunction order on February 7, 2002, requiring it to expunge all records and files concerning appellee's
arrests on February 16, 2001 and December 5, 2001. The Board received this notice on February 14,
2002.

 On May 30, 2002, appellee filed a motion for contempt against the Board. The Board filed a response
and a motion to set aside the expunction order. 

 By restricted appeal, the Board challenges the expunction order. Appellee did not file a brief with this
Court. 

B. Restricted Appeal


 Restricted appeals replace writ of error appeals to this Court. Tex. R. App. P. 30. The notice of appeal in
a restricted appeal must be filed within six months after the judgment is signed. Tex. R. App. P. 26.1(c). 
Statutes relating to writ of error appeals to the courts of appeals apply equally to restricted appeals. Tex.
R. App. P. 30. 

 A party who did not participate - either in person or through counsel - in the hearing that resulted in the
judgment complained of and who did not timely file a post-judgment motion or request for findings of fact
and conclusions of law, or a notice of appeal within the time permitted by rule 26.1(a), may file a notice
of appeal within the time permitted by rule 26.1(c). Id.

 The four elements necessary for review by restricted appeal are: (1) the petition must be brought within
six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and
(4) error must be apparent from the face of the record. Quaestor Invs., Inc. v. Chiapas, 997 S.W.2d 226,
227 (Tex. 1999); Carmona v. Bunzl Distrib., 76 S.W.3d 566, 568 (Tex. App.-Corpus Christi 2002, no
pet.). A restricted appeal is a direct attack on a judgment. Diles v. Henderson, 76 S.W.3d 807, 809
(Tex. App.-Corpus Christi 2002, no pet.). A restricted appeal affords an appellant the same scope of
review as an ordinary appeal, that is, a review of the entire case. Id. (citingNorman Communications v.
Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997)). The only restriction on the scope of restricted
appeal review is that error must appear on the face of the record. Norman Communications, 955 S.W.2d
at 270. The face of the record, for purposes of restricted appeal review, consists of all the papers on file
in the appeal. Id. 

C. Notice


 In its first issue, the Board contends the trial court erred in ordering the expunction because the Board
was not timely served with reasonable notice of the expunction hearing as required by article 55.02,
section 2(c) of the code of criminal procedure.

 Article 55.02 requires that the court give reasonable notice of the hearing to each official or agency or
other entity named in the petition. See Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (Vernon Supp.
2003). The procedures listed in the statute are mandatory and must be complied with in an expunction
proceeding. Texas Dep't of Pub. Safety v. Riley, 773 S.W.2d 756, 758 (Tex. App.-San Antonio 1989, no
writ). If the record does not indicate that the agency was notified in accordance with the statute, the
record reflects a proceeding in violation of the statute and the expunction order must be set aside. See
Rodriguez v. T.M.B., 812 S.W.2d 449, 450-51 (Tex. App.-San Antonio 1991, no writ) (reversing trial
court and setting aside expunction order after finding that hearing took place without any notice to any
respondent); Riley, 773 S.W.2d at 758 (setting aside expunction order because record did not reflect
agencies had been notified of hearing and because judge violated thirty-day waiting period). 

 In the instant case, appellee filed his petition for expunction on November 13, 2001, but did not include
the Board as a party. On December 17, 2001, appellee personally requested that the Board be notified of
the December 20, 2001 expunction hearing. The district clerk subsequently notified the Board of the
hearing, however the Board did not receive the notice until December 27, 2001. Nevertheless, the
hearing was not held on December 20, 2001. 

 On January 30, 2002, appellee amended his petition for expunction and included the Board as a party. 
An order was entered setting the expunction hearing for February 7, 2002. On February 6, 2002, the
district clerk mailed a notice to the Board, advising it of the amended petition and the February 7, 2002
expunction hearing. The Board received this notice on February 11, 2002, four days after the hearing. At
the February 7, 2002 hearing, the trial court signed the expunction order.

 The record establishes that the trial court did not give the Board reasonable notice of the expunction
hearing. Therefore, the Board was not notified in accordance with article 55.02, section 2(c) of the code
of criminal procedure. We sustain the Board's first issue.

 In light of our disposition of this issue, we conclude it is not necessary to address the Board's second
issue. See Tex. R. App. P. 47.1.

 We reverse the judgment of the trial court and set aside the order of expunction. 

 FEDERICO G. HINOJOSA

 Justice



Opinion delivered and filed this the

25th day of August, 2003.

1. Article 55.02, section 2(c) provides in relevant part: "The court shall set a hearing on the matter no
sooner than thirty days from the filing of the petition and shall give reasonable notice of the hearing to
each official or agency or other entity named in the petition by certified mail, return receipt requested, . . .
." Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (Vernon Supp. 2003). 

2. Initially, the Board was listed on a page attached to the petition as an entity that was to receive a copy
of the expunction order. However, the Board was crossed off the list by persons unknown.