NUMBER 13-07-318-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.
 


DANIEL CHAPA, Appellee.

 


On appeal from the 332nd District Court 

of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez, and Justices Garza and Vela


Memorandum Opinion by Justice Vela




 In this restricted appeal, the Texas Department of Public Safety ("DPS") complains
that the trial court erred in granting an order expunging Daniel Chapa's criminal records. 
See Tex. R. App. P. 30. On appeal, DPS complains (1) that the trial court erred in granting
the expunction because it did not receive proper notice of any hearing granting the
expunction, and (2) that Chapa was not entitled to expunction because he had been found
guilty and had served deferred-adjudication community supervision. Because the trial
court did not comply with the statutory requirements for expunction, we reverse and order
that the expunction be set aside. 

I.

Background


 On June 27, 2006, Chapa filed a request for expunction of his criminal record. In
his request, he admitted he had been found guilty of the offense of manslaughter and was
placed on deferred-adjudication. He alleged that because he had completed his
community supervision, he was entitled to expunction pursuant to article 55.02 of the
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 55.02 (Vernon
2006). He properly notified DPS of his request pursuant to article 55.02. Id. DPS
contested the expunction, arguing that Chapa was not entitled to an expunction because
he was found guilty and served community supervision, which is a bar to expunction
pursuant to article 55.01 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc.
Ann. art. 55.01 (Vernon 2006). On July 6, 2006, the trial court set a hearing on the matter
for August 18, 2006. The hearing, however, was reset, and DPS was never notified of
another hearing. Instead, on December 6, 2006, DPS received an order granting
expunction of Chapa's criminal record. The order, on its face, does not reflect that a
hearing was ever had. In pertinent part, the order states the following:

 On December 6, 2006, the Court considered the Request for
Expunction of DANIEL CHAPA, which the Court finds should be GRANTED
. . . .


 A copy of the judgment of acquittal regarding said offense is attached
hereto and incorporated by reference pursuant to Section 3(b) of Article
55.02, Texas Code of Criminal Procedure . . . .


 It is further ORDERED that the records concerning this proceeding are
not open for inspection by anyone, and the clerk of this court shall obliterate
all public references to this proceeding . . . .


II.

Restricted Appeal


 To attack an order by restricted appeal, DPS must show (1) it was a party who did
not participate, either in person or through counsel, in the hearing that resulted in the
judgment complained of; (2) it filed a notice of appeal within six months after the order was
signed; (3) it did not timely file a postjudgment motion or request findings of fact and
conclusions of law; and (4) error is apparent on the face of the record. Tex. R. App. P.
26.1(c); Tex. R. App. P. 30; Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex.
2004); Tex. Dep't of Pub. Safety v. Fredricks, No. 13-07-205-CV, 2007 Tex. App. LEXIS
6756, at *5-6. (Tex. App.-Corpus Christi, August 23, 2007, no pet.). Chapa notified DPS
of the first hearing, does not contest that DPS is a proper party to this suit, and DPS did
not participate in the hearing wherein the expunction was granted. Further, the record
reflects that DPS filed a notice of a restricted appeal within six months of the expunction
order, and did not file any postjudgment motions. Thus, DPS has satisfied the first three
requirements for a restricted appeal. See Tex. R. App. P. 26.1(c); Tex. R. App. P. 30;
Alexander v. Lynda's Boutique, 134 S.W.3d at 848. We must, then, determine whether
DPS met the fourth element. See id.

III.

Standard of Review


 In restricted appeals, we are limited to considering only errors that are apparent on
the face of the record. See Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d 269, 270
(Tex.1997)(per curiam); see also Fredricks, 2007 Tex. App. LEXIS 6756, at *8. The "face
of the record" includes all papers on file in the appeal and the reporter's record, if any. 
Norman Commc'ns, 955 S.W.2d at 270. A restricted appeal affords the appellant the same
scope of review as an ordinary appeal - in other words, the entire case. See id. 

 Texas Code of Criminal Procedure article 55.02 governs the procedures for
expunctions. See Tex. Code Crim. Proc. Ann. art 55.02 (Vernon 2006). These provisions
are mandatory and must be complied with in an expunction proceeding. Tex. Dep't of Pub.
Safety v. Deck, 954 S.W.2d 108, 112 (Tex. App.-San Antonio 1997, no writ); Tex. Dep't
of Pub. Safety v. Riley, 773 S.W.2d 756, 758 (Tex. App.-San Antonio 1989, no writ). 
Article 55.02 requires that the trial court give reasonable notice to all respondents named
in the petition by certified mail, return receipt requested. Tex. Code Crim. Proc. Ann. art.
55.02(c). If the record does not indicate that a proper agency was notified in accordance
with the statute, then the record reflects a proceeding in violation of the statute and the
expunction order must be set aside. See Rodriguez v. T.M.B., 812 S.W.2d 449, 450-51
(Tex. App.-San Antonio 1991, no writ) (reversing trial court and setting aside expunction
order after finding that hearing took place without notice to any respondent); Riley, 773
S.W.2d at 758 (setting aside expunction order because record did not reflect agencies had
been notified of hearing and because judge violated 30 day waiting period).

 In the instant case, DPS does not dispute that it received proper notice of the first
hearing date which was set for August 18, 2006. However, that hearing date was reset. 
DPS never received notice of a subsequent setting. In Deck, a similar situation occurred. 
Deck, 954 S.W.2d at 108-11. There, DPS was notified of the first hearing, but that hearing
was reset. A subsequent hearing took place, but neither DPS nor any other agency listed
in the petition for expunction received notice. Id. at 110. The San Antonio Court of
Appeals, relying on Riley, held that error was apparent on the face of the record since DPS
did not receive notice of the reset hearing on expunction. Id. at 112-113. As in Deck, we
hold that it was error for the court to order Chapa's records expunged without providing
notice to DPS of the rescheduled hearing. This violation of mandatory procedures requires
setting aside of Chapa's expunction order. Accordingly, we sustain DPS's first issue.

 Due to our disposition of issue one, we need not address appellant's second issue. 
Tex. R. App. P. 47.1.



IV.

CONCLUSION


 The judgment of the trial court is reversed and the expunction order is set aside. (1)

 

 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 20th day of November, 2007.
1. The reversal of an expunction order encompasses all of the agencies in possession of the petitioner's
criminal records, even of those who did not appeal. Ex parte Elliot, 815 S.W.2d 251, 252 (Tex. 1991).

 Our setting aside the expunction order does not prevent Chapa from refiling another expunction
petition. See Rodriguez, 812 S.W.2d at 449 n. 2.