

# NUMBER 13-09-00145-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **TEXAS DEPARTMENT OF PUBLIC SAFETY,** | **Appellant,** |
| **v.** | |
| **MARIA GUADALUPE CRUZ,** | **Appellee.** |

## On appeal from the 404th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Garza**

Appellant, the Texas Department of Public Safety ("TDPS"), brings this restricted appeal challenging the trial court's order of expunction in favor of appellee, Maria Guadalupe Cruz. *See* TEX. R. APP. P. 30. By two issues, the TDPS argues that: (1) Cruz was not entitled to an expunction because she failed to prove that the indictment presented against her was dismissed pursuant to article 55.01(a)(2)(A) of the code of criminal

procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A) (Vernon 2006); and (2) the trial court abused its discretion in ordering the expunction of Cruz's criminal record because the TDPS did not receive notice of the hearing at which the expunction was granted as required by article 55.02, section 2(c) of the code of criminal procedure. *See id.* art. 55.02, § 2(c) (Vernon Supp. 2008). We reverse and remand for proceedings consistent with this opinion.

## I. BACKGROUND

On August 3, 2007, Cruz was arrested for abandoning or endangering a child, a felony. *See* TEX. PENAL CODE ANN. § 22.041 (Vernon Supp. 2008). Cruz was charged by indictment with the offense; however, the indictment against Cruz was dismissed on June 13, 2008, after Cruz paid a charitable contribution and wrote a letter of apology.

On July 21, 2008, Cruz filed a petition for expunction. A hearing on Cruz's petition was set for October 2, 2008, and the TDPS admits that it received notice of this hearing. On September 30, 2008, the TDPS filed an original answer denying the allegations made in Cruz's petition and asserted that Cruz was not entitled to an expunction under article 55.01(a)(2)(A). *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A).

Though the record does not contain an order resetting the originally scheduled October 2, 2008 hearing, the trial court conducted a hearing on Cruz's petition on October 16, 2008. The TDPS did not appear for the October 16, 2008 hearing, and at the conclusion of the hearing, the trial court ordered an expunction of Cruz's criminal record. On March 19, 2009, the TDPS filed its notice of restricted appeal.[1] *See* TEX. R. APP. P. 26.1(c).

---

[1] The TDPS did not file any postjudgment motions, nor did it make requests for findings of fact or conclusions of law.

## II. RESTRICTED APPEAL

To successfully attack an order by restricted appeal, the TDPS must show: (1) it was a party who did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of; (2) it filed a notice of appeal within six months after the order was signed; (3) it did not timely file a postjudgment motion or request findings or fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.–Corpus Christi 2007, no pet.).

## III. STANDARD OF REVIEW

In restricted appeals, we are limited to considering only errors that are apparent on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Fredricks*, 235 S.W.3d at 280. The "face of the record" includes all papers on file in the appeal and the reporter's record, if any. *Norman Commc'ns*, 955 S.W.2d at 270. A restricted appeal affords the appellant the same scope of review as an ordinary appeal—in other words, the entire case. *See id.*

Article 55.02 of the code of criminal procedure governs the procedures for expunction. TEX. CODE CRIM. PROC. ANN. art. 55.02. These provisions are mandatory and must be complied within an expunction proceeding. *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 111-12 (Tex. App.–San Antonio 1997, no writ); *Tex. Dep't of Pub. Safety v. Riley*, 773 S.W.2d 756, 758 (Tex. App.–San Antonio 1989, no writ). Article 55.02 provides that the trial court shall set a hearing on a petition for expunction no sooner than thirty days from the filing of the petition and shall give reasonable notice of the hearing to each respondent named in the petition, namely, the various law enforcement agencies that have

records or files subject to expunction. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c). While there is no requirement that the respondents be served with the petition for expunction itself, the trial court is required to notify them of the hearing. *See Deck*, 954 S.W.2d at 112 (noting that because an expunction hearing is civil in nature, each law enforcement agency cited is entitled to represent itself); *see also Tex. Dep't of Pub. Safety v. Flores*, No. 04-07-00257-CV, 2008 Tex. App. LEXIS 1021, at \*\*2-4 (Tex. App.–San Antonio Feb. 13, 2008, no pet.) (mem. op.) (setting aside an expunction order where a law enforcement agency was notified of the originally scheduled expunction hearing but not of the reset expunction hearing).

If the record does not indicate that a proper agency was notified in accordance with the statute, then the record reflects a proceeding in violation of the statute and the expunction order must be set aside. *See Deck*, 954 S.W.2d at 112; *Rodriguez v. T.M.B.*, 812 S.W.2d 449, 450-51 (Tex. App.–San Antonio 1991, no writ) (setting aside an expunction order after finding that the hearing took place without notice to any respondent); *Riley*, 773 S.W.2d at 758 (setting aside an expunction order because the record did not reflect that the law enforcement agencies had been notified of the hearing and because the trial court violated the thirty-day waiting period); *see also Flores*, 2008 Tex. App. LEXIS 1021, at \*\*2-4.

## IV. ANALYSIS

In its second issue, the TDPS asserts that the trial court abused its discretion in ordering the expunction of Cruz's criminal record because the TDPS did not receive notice of the October 16, 2008 hearing. The reporter's record reflects that the trial court conducted a hearing on October 16, 2008. Neither the TDPS nor any other agency listed in the petition for expunction (other than the Cameron County District Attorney's Office)

were present at the hearing. Furthermore, the record is devoid of any order or other document notifying the law enforcement agencies listed in Cruz's petition of the resetting of the October 2, 2008 hearing to October 16, 2008.[2] Following *Deck*, we hold that it was error for the trial court to order Cruz's records expunged without providing notice to the TDPS of the October 16, 2008 hearing. *See* 954 S.W.2d at 112-13. This violation of mandatory procedures requires us to set aside the trial court's order expunging Cruz's records. *See Rodriguez*, 812 S.W.2d at 450-51; *see also Riley*, 773 S.W.2d at 758. Accordingly, we sustain the TDPS's second issue.

Because we have sustained the TDPS's second issue, we need not address its first issue. *See* TEX. R. APP. P. 47.1.

### V. CONCLUSION

The judgment of the trial court is reversed, the expunction order is set aside, and the case is remanded to the trial court for proceedings consistent with this opinion.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 31st day of August, 2009.

---

[2] In its motion for "DESIGNATION OF CLERK'S RECORD," the TDPS requested that all fiats and notices of hearing for the October 2, 2008 and October 16, 2008 hearing dates corresponding to all of the law enforcement agencies listed in Cruz's petition for expunction be provided in the clerk's record. No notice of hearing to the law enforcement agencies for the October 16, 2008 hearing appears in the record before us. Morever, Cruz has not filed a brief in this matter directing us to evidence demonstrating that the TDPS actually received notice of the October 16, 2008 hearing.