

# NUMBER 13-10-00130-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE: RAMIRO DURAN

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Garza

Appellant, the Texas Department of Public Safety ("TDPS"), brings this restricted appeal challenging the trial court's order of expunction in favor of appellee, Ramiro Duran. *See* Tex. R. App. P. 30. By two issues, the TDPS argues that: (1) Duran was not entitled to an expunction of records related to his arrests for driving while intoxicated and evading arrest or detention with a vehicle because he was convicted of both offenses, *see* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B) (Vernon 2006); and (2) the trial court abused its discretion in ordering the expunction of Duran's criminal records because the TDPS did not receive notice of the hearing as required by article 55.02, section 2(c) of the code of

criminal procedure. *See id.* art. 55.02, § 2(c) (Vernon Supp. 2009). We reverse and remand.

## I. BACKGROUND

Duran filed a petition for expunction of records relating to six offenses. Six agencies, including the TDPS, were listed in the petition as having records or files pertaining to the offenses. A hearing on Duran's petition was set for December 18, 2008, and the TDPS admits that it received notice of this hearing. On December 12, 2008, the TDPS filed an original answer denying the allegations made in Duran's petition and asserting an affirmative defense as to one of the offenses.

Though the record does not contain an order resetting the originally scheduled December 18, 2008 hearing, the trial court conducted a hearing on Duran's petition on September 30, 2009. The TDPS did not appear for the September 30, 2009 hearing, and at the conclusion of the hearing, the trial court ordered an expunction of Duran's criminal records. On March 16, 2010, the TDPS filed its notice of restricted appeal.[1] *See* TEX. R. APP. P. 26.1(c).

## II. RESTRICTED APPEAL

To successfully attack an order by restricted appeal, the TDPS must show: (1) it was a party who did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of; (2) it filed a notice of appeal within six months after the order was signed; (3) it did not timely file a postjudgment motion or request findings or fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see*

---

[1] The TDPS did not file any postjudgment motions, nor did it make requests for findings of fact or conclusions of law.

*Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.–Corpus Christi 2007, no pet.).

### III. STANDARD OF REVIEW

In restricted appeals, we are limited to considering only errors that are apparent on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Fredricks*, 235 S.W.3d at 280. The "face of the record" includes all papers on file in the appeal and the reporter's record, if any. *Norman Commc'ns*, 955 S.W.2d at 270. A restricted appeal affords the appellant the same scope of review as an ordinary appeal—in other words, the entire case. *See id.*

Article 55.02 of the code of criminal procedure governs the procedures for expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02. These provisions are mandatory and must be complied with in an expunction proceeding. *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 111-12 (Tex. App.–San Antonio 1997, no writ); *Tex. Dep't of Pub. Safety v. Riley*, 773 S.W.2d 756, 758 (Tex. App.–San Antonio 1989, no writ). Article 55.02 provides that the trial court shall set a hearing on a petition for expunction no sooner than thirty days from the filing of the petition and shall give reasonable notice of the hearing to each respondent named in the petition, namely, the various law enforcement agencies that have records or files subject to expunction. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c). While there is no requirement that the respondents be served with the petition for expunction itself, the trial court is required to notify them of the hearing. *See Deck*, 954 S.W.2d at 112 (noting that because an expunction hearing is civil in nature, each law enforcement agency cited is entitled to represent itself).

If the record does not indicate that a proper agency was notified in accordance with

3

the statute, then the record reflects a proceeding in violation of the statute and the expunction order must be set aside. *See Deck*, 954 S.W.2d at 112; *Rodriguez v. T.M.B.*, 812 S.W.2d 449, 450-51 (Tex. App.–San Antonio 1991, no writ) (setting aside an expunction order after finding that the hearing took place without notice to any respondent); *Riley*, 773 S.W.2d at 758 (setting aside an expunction order because the record did not reflect that the law enforcement agencies had been notified of the hearing and because the trial court violated the thirty-day waiting period); *see also Tex. Dep't of Pub. Safety v. Cruz*, No. 13-09-00145-CV, 2009 Tex. App. LEXIS 6971, at *4-7 (Tex. App.–Corpus Christi Aug. 31, 2009, no pet.) (mem. op.) (setting aside an expunction order where a law enforcement agency was notified of the originally scheduled expunction hearing but not of the reset expunction hearing); *Tex. Dep't of Pub. Safety v. Flores*, No. 04-07-00257-CV, 2008 Tex. App. LEXIS 1021, at *2-4 (Tex. App.–San Antonio Feb. 13, 2008, no pet.) (mem. op.) (same).

## IV. ANALYSIS

In its second issue, the TDPS asserts that the trial court abused its discretion in ordering the expunction of Duran's criminal records because the TDPS did not receive notice of the September 30, 2009 hearing. The reporter's record reflects that the trial court conducted a hearing on September 30, 2009, with only Duran's attorney appearing before the court. Additionally, the record is devoid of any notice or other document alerting the law enforcement agencies listed in Duran's petition of the resetting of the December 18, 2008 hearing to September 30, 2009.[2] We therefore conclude that it was error for the trial

---

[2] In its "DESIGNATION OF CLERK'S RECORD," the TDPS requested that all fiats and notices of hearing for the December 18, 2008 hearing and any other settings be provided in the clerk's record. However, no notice to the law enforcement agencies of the September 30, 2009 hearing appears in the record before us. Further, Duran has not filed a brief in this matter, nor has he directed us to any evidence demonstrating that the TDPS actually received notice of the September 30, 2009 hearing.

4

court to order Duran's records expunged without providing notice to the TDPS of the September 30, 2009 hearing. *See Deck*, 954 S.W.2d at 112-13. This violation of mandatory procedure requires us to set aside the trial court's order expunging Duran's records. *See Rodriguez*, 812 S.W.2d at 450-51; *Riley*, 773 S.W.2d at 758; *see also State v. Echeverry*, 267 S.W.3d 423, 425 (Tex. App.–Corpus Christi 2008, pet. denied) ("The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply."). Accordingly, we sustain the TDPS's second issue.

Because we have sustained the TDPS's second issue, we need not address its first issue.[3]  *See* TEX. R. APP. P. 47.1.

### V. CONCLUSION

The judgment of the trial court is reversed, the expunction order is set aside, and the case is remanded to the trial court for proceedings consistent with this opinion.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
19th day of August, 2010.

---

[3] We note, however, that the September 30, 2009 order expunges the records related to two offenses that were not included in Duran's petition for expunction and that, according to the TDPS and the order on appeal, resulted in Duran's conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B) (Vernon 2006) (stating that one of the requirements for expunction is that "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending").