

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00110-CV

EX PARTE TAMMY BUTLER

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CV04386

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

After two criminal charges against Tammy Butler—engaging in organized criminal activity and tampering with a governmental record—were dismissed, the trial court held a subsequent proceeding in which it expunged her arrest records related to those dismissed charges.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West 2018). The Texas Department of Public Safety (DPS) appeals from that judgment, contending that Butler is not entitled to expunction because (1) DPS did not receive notice of the expunction hearing, and (2) Butler served a term of court-ordered community supervision arising out of her arrest. Because DPS did not receive notice of the expunction hearing, we reverse and set aside the expunction order.

---

[1]On May 30, 2013, Butler was originally charged by indictment with the two alleged offenses. Both charges were subsequently dismissed. On May 29, 2014, Butler was re-indicted on the same two charges in cause numbers CR2172 and CR2173. The re-indicted charges were also dismissed, and then re-indicted in trial court cause number CR2278 as one charge of tampering with or fabricating physical evidence. Next, the charge in trial court cause number CR2278 was dismissed, and Butler agreed to plead guilty to a Class A misdemeanor in trial court cause number 18919. The order of deferred adjudication community supervision initially shows that Butler pled "no contest" to a Class A misdemeanor; however, the body of the same order stated,

> Thereupon both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury . . . and, upon being asked by the Court as to how the defendant pleaded, entered a plea of Guilty to the offense . . . As a result, the trial court sentenced Butler to two years of deferred adjudication community supervision, along with a $1,000.00 fine, court costs, and community service.

On May 17, 2018, Butler filed her petition asking the trial court to expunge the criminal records from trial court cause numbers CR2172, CR2173, CR2016, CR2017, and CR2278. In her petition for expunction, Butler stated that she was arrested on June 3, 2013, for each charge. In its appeal brief, however, DPS lists three arrest dates: June 3, 2013, June 2, 2014, and November 26, 2014. The record is unclear as to the actual date of Butler's arrests. On June 11, 2018, the trial court granted Butler's request and ordered the expunction of her arrest records in all five cause numbers. After the trial court granted Butler's petition and entered its order of expunction, the Red River County District Clerk attempted to send Butler's petition to DPS via facsimile and email, but not to the mailing address set out in Butler's petition for expungement. On July 10, 2018, the trial court entered a nunc pro tunc order of expunction. On July 16, 2018, DPS was served with the nunc pro tunc order of expunction.

2

An appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). "It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles." *Bexar Cty., Tex. v. Deputy Sheriff's Ass'n of Bexar Cty.*, 429 S.W.3d 673, 677 (Tex. App.—San Antonio 2014, no pet.) (quoting *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)). However, when a trial court's ruling turns on a question of law, it is reviewed de novo. *Ex parte S.D.*, 457 S.W.3d 168, 169 (Tex. App.—Amarillo 2015, no pet.).

On December 11, 2018, DPS filed its notice of restricted appeal in this Court. On appeal, DPS maintains that Butler was not entitled to expunction of her records because (1) DPS did not receive notice of any of the hearings in the matter, and (2) Butler served a term of deferred adjudication community supervision that arose out of her arrest. In order to prevail in this restricted appeal, DPS is required to establish that (1) it filed its restricted notice of appeal within six months after the judgment was signed; (2) it was a party to the underlying suit; (3) it did not participate in the hearing that resulted in the complained-of judgment; (4) it did not timely file any post-judgment motions or request for findings of fact and conclusions of law; and (5) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30.

The clerk's record shows that DPS timely brought its restricted appeal,[2] was a party to Butler's expunction proceeding, did not participate in the hearing that resulted in the judgment, and did not file a timely post-judgment motion. Thus, the only remaining issue is whether error is

---

[2]DPS filed its notice of appeal on December 11, 2018, which was less than six months after the entry of the trial court's July 10, 2018, nunc pro tunc order of expunction.

apparent on the face of the record. *In re Estate of Wilson*, 252 S.W.3d 708, 711 (Tex. App.—Texarkana 2008, no pet.) (citing *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991)). The "face of the record" consists of all the papers that were before the trial court at the time it rendered its judgment. *Id.* (citing *DSC. Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991)). "[A] restricted appeal requires error that is apparent, not error that may be inferred." *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004).

Expunction is a statutory privilege, not a common-law or constitutional right. *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.). While the expunction statute is located in the Texas Code of Criminal Procedure, expunction is civil in nature. *Harris Cty. Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). The petitioner carries the burden to show that all of the statutory requirements have been met. *Harris Cty. Dist. Attorney's Office v. Hopson*, 880 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1994, no writ). A trial court must strictly comply with the statutory requirements, and it has no equitable power to extend the protections of the expunction statute. *Id.*

In its first point of error, DPS contends the trial court erred in expunging Butler's arrest records because DPS did not receive notice of the expunction hearing. The expunction statute compels the trial court to notify the law enforcement agencies listed in the expunction petition of the expunction hearing.

> The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing by: (1) certified mail, return receipt requested; or (2) secure electronic mail, electronic transmission, or facsimile transmission.

4

TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c)(1)–(2) (West 2018).  The procedures set out in Article 55.02 are mandatory and must be complied with during an expunction hearing.  *Tex. Dep't of Pub. Safety v. Riley*, 773 S.W.2d 756, 758 (Tex. App.—San Antonio 1989, no writ).  When the record fails to demonstrate that the agency was notified pursuant to the statute, the record reveals a violation of the statute, and the expunction order must be set aside.  *See Rodriguez v. T.M.B.*, 812 S.W.2d 449, 450–51 (Tex. App.—San Antonio 1991, no writ) (reversing trial court and setting aside expunction order after finding that hearing took place without notice to respondent); *Riley*, 773 S.W.2d at 758 (setting aside expunction order because record did not reflect agencies had been notified of expunction hearing and because court violated thirty-day waiting period).

Here, the record shows that DPS never received notice of the expunction hearing by any of the avenues set forth in the statute.  Moreover, there is nothing in the record to reflect that DPS waived the notice requirement.  It was therefore error for the trial court to grant Butler's petition for expunction without providing notice to DPS of the hearing.  Thus, error is apparent on the face of the record because the record does not reflect that any agency, including DPS, received notice of the expunction hearing.  The violation of this mandatory statutory requirement requires us to set aside the trial court's nunc pro tunc order of expunction.

Because we sustain DPS' first point of error,[3] we reverse the judgment of the trial court and set aside the nunc pro tunc order of expunction.[4]

Josh R. Morriss, III
Chief Justice

Date Submitted:    April 24, 2019
Date Decided:     May 7, 2019

---

[3]Because DPS' first point of error is dispositive of this appeal, we find it unnecessary to address its second point of error.

[4]The reversal of an expunction order applies to all agencies that are in possession of Butler's criminal record, even if they did not appeal the trial court's judgment. *Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991). This Court's setting aside of the trial court's expunction order does not prevent Butler from refiling her petition for expunction. *See Riley*, 773 S.W.2d at 759.