

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-18-00367-CV

_____

IN THE INTEREST OF R.M. AND K.M., CHILDREN

---

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 15-04433-442

---

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Pittman

# MEMORANDUM OPINION

Appellant C.B. (Mother) appeals from the trial court's modification order requiring her to pay child support. In one issue, she contends that "the trial court abuse[d] its discretion by modifying the child-support obligations of the parties without evidence of a material and substantial change in the financial circumstances of either of the parties or the children." Because Mother judicially admitted a material and substantial change in the circumstances of the parties or children in seeking a modification of child support, we affirm.

## BACKGROUND FACTS

Mother and Appellee S.M. (Father) were divorced on July 27, 2016. Their agreed final decree of divorce (Agreed Decree) named them Joint Managing Conservators (JMCs) and provided for a 50/50 possession schedule with no child support awarded to either parent. Instead, each parent was ordered to be "50% responsible for the children's child care and/or after school care, as monthly child support"; Father was ordered to continue to maintain health insurance for the children; and both parties were ordered to pay 50% of the children's unreimbursed health care expenses.

Less than a year after the divorce was granted, on June 29, 2017, Father filed a petition to modify the Agreed Decree, alleging that "[t]he circumstances of the children, a conservator, or other party affected by the order to be modified ha[d]

materially and substantially changed since the date of rendition of the [Agreed Decree]." In his first amended petition, he requested that the trial court:

- Name him the sole managing conservator (SMC) or the JMC with the exclusive right to designate the children's primary residence;

- Deny Mother access to the children or order her possession of them supervised; and

- Modify the child-support order to provide that Father "shall have the right to receive and give receipt for payments of support for the children and to hold or disburse money for the benefit of the children."[1]

Mother filed a counterpetition. She also alleged that "[t]he circumstances of the children, a conservator, or other party affected by the [Agreed Decree had] materially and substantially changed since the date of [its] rendition." Mother requested that the trial court:

- Name her as the person with the right to designate the children's primary residence;

- Award Father standard possession; and

- Modify the child-support order to provide that Mother "shall have the right to receive and give receipt for payments of support for the children and to hold or disburse money for the benefit of the children."

In Father's opening statement before the June 2018 modification hearing, he asked the trial court to:

- Award him the exclusive right to designate the children's primary residence;

---

[1]We focus only on the parties' allegations and evidence relevant to this appeal.

3

- Make rulings regarding Mother's possession of and access to the children; and

- Order Mother to pay guideline child support and to reimburse him for the children's medical insurance costs.

In her opening statement, Mother in turn asked to be appointed the parent with the exclusive right to designate the children's primary residence and that Father receive standard possession and be ordered to pay "guideline child support."

While Mother was testifying on cross-examination during her case-in-chief, Father's counsel offered Mother's 2017 tax return into evidence and, as "a demonstrative," a child-support calculation based on her tax return. Mother's objection was, "I have no objection to their form, but I—I don't believe that this would scrutiny sort of rebuttal or redirect evidence." The trial court admitted the exhibits. After hearing all the evidence, the trial court ruled,

> Based on the testimony presented before the Court and the entire contents of the Court's file, the Court's going to leave the designation of the parents as [JMCs], but I'm appointing [Father] as the conservator that has the exclusive right to designate the residence within Denton County and contiguous counties.
>
> Additionally, I'm giving him the exclusive right to receive child support, and all other rights shall be independent.
>
> I'm giving [Mother] expanded standard visitation. I'm ordering that she pay child support in the amount of $1,389.57 on the 1st day of each month with the first day beginning August 1st.
>
> [Father] shall maintain the health insurance for the children. Mom shall reimburse 125.91 beginning August 1st.

## STANDARD OF REVIEW

We review the trial court's modification of orders governing child support for an abuse of discretion. *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh'g); *see In re A.B.H.*, 266 S.W.3d 596, 601 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g) (applying standard). A trial court abuses its discretion if it acts arbitrarily or unreasonably or does not analyze or apply the law properly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).

When we review a trial court's family-law decision for an abuse of discretion, legal and factual insufficiency are not independent reversible grounds of error but are relevant factors. *Neyland v. Raymond*, 324 S.W.3d 646, 649 (Tex. App.—Fort Worth 2010, no pet.). Accordingly, in determining whether an abuse of discretion has occurred because the evidence is legally or factually insufficient to support the trial court's decision, we engage in a two-pronged inquiry: (1) did the trial court have enough information upon which to exercise its discretion and (2) did the trial court err in applying its discretion. *Id.* The applicable sufficiency review comes into play in answering the first question. *Id.* at 649–50. Concerning the second question, we determine, based on the elicited evidence, whether the trial court made a reasonable decision. *Id.* at 650.

ANALYSIS

## I. A Movant Must Prove by a Preponderance of the Evidence that the Circumstances of the Child or a Person Affected by the Order Have Materially and Substantially Changed.

A court with continuing, exclusive jurisdiction over matters involving a child may modify a child-support order. Tex. Fam. Code Ann. §§ 156.001, .401. In a case such as this one, when three years had not expired since the order to be modified was rendered and the child support agreed upon in the original order did not follow the child-support guidelines, the trial court could modify the child-support order if "the circumstances of the child or a person affected by the order ha[d] materially and substantially changed" since the order's rendition. *Id.* § 156.401(a)(1)(A), (a-1).

## II. Mother Judicially Admitted a Material and Substantial Change in Circumstances; She is Therefore Barred from Challenging the Sufficiency of the Evidence.

Mother contends in her sole issue that the trial court abused its discretion by modifying child support when no evidence was admitted regarding a material and substantial change in the financial circumstances of either of the parties or the children. But Mother alleged a material and substantial change of circumstances in her counterpetition requesting that she be awarded child support. As this court has previously explained,

> Under section 156.101 of the Texas Family Code, a trial court may modify conservatorship of a child if (1) the modification is in the child's best interest and (2) the circumstances of the child, a conservator, or other party affected by the existing conservatorship order have materially and substantially changed since the rendition of the existing

6

order. One party's allegation of changed circumstances of the parties constitutes a judicial admission of the common element of changed circumstances of the parties in the other party's similar pleading. Admissions in trial pleadings are judicial admissions in the case in which the pleadings are filed; the facts judicially admitted require no proof and preclude the introduction of evidence to the contrary. Thus, a judicial admission is conclusive upon the party making it, . . . relieves the opposing party's burden of proving the admitted fact, and bars the admitting party from disputing it. This rule is based on the public policy that it would be absurd and manifestly unjust to permit a party to recover after he has sworn himself out of court by a clear and unequivocal statement.

*In re A.E.A.*, 406 S.W.3d 404, 409–10 (Tex. App.—Fort Worth 2013, no pet.) (citations and internal quotation marks omitted). Applying *A.E.A.*'s conservatorship holding to the facts before us, we hold that Mother judicially admitted that a material and substantial change in the parties' circumstances justifying modification of child support had occurred, and she may not challenge the sufficiency of the evidence supporting that element now. *See id.* at 410–11; *see also Baucom v. Crews*, 819 S.W.2d 628, 631 (Tex. App.—Waco 1991, no writ) ("Baucom himself pleaded that a material and substantial change in his circumstances had occurred sufficient to warrant a decrease in his monthly child support obligations. His pleadings constitute a judicial admission that there has been a substantial and material change of his circumstances.").

In the interest of justice, we note that the trial court admitted Mother's tax return for 2017 and a demonstrative child-support calculation based on information from the return. The ordered child support matches the child-support amount in the

7

calculation. Accordingly, we hold that the trial court did not abuse its discretion by modifying child support, and we overrule Mother's sole issue.

## CONCLUSION

Having overruled Mother's only issue, we affirm the trial court's judgment.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Delivered: June 27, 2019